Verdict, not guilty.

---

## Case No. 15,495.

### UNITED STATES v. JONES et al.

[3 Wash. C. C. 224.] [1]

Circuit Court, D. Pennsylvania. April Term. 1813.

CRIMINAL LAW — BAIL — ILLNESS OF PRISONER — EVIDENCE.

1. The humanity of the law, no less than the feelings of the court, favour the liberation of a prisoner on bail, who is proved to be suffering under a disease, which may be ultimately dangerous, from his being kept in confinement. It is not necessary that the danger from confinement should be either immediate or certain—if the disease is represented, by a skilful physician, to be such as that confinement must be injurious, and may be fatal, it is proper to bail the prisoner.

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

2. A bill of indictment being found against a prisoner, the court will not go into an examination of the evidence, for the purpose of taking bail.

[Cited in Kendle v. Tarbell. 24 Ohio St. 200; People v. Tinder, 19 Cal. 547; State v. Herndon (N. C.) 12 S. E. 270.]

Indictment for piracy. The district attorney, having stated to the court, that he could not safely try this case at the present term, on account of the absence of material witnesses, whose attendance at the next court, steps were taking to procure, directed the case, with the assent of the court, to be continued.

A motion was now made to admit the prisoners [Jones, Pickle, and Reese] to bail, upon the ground that the continuance was not made by order of the court, upon a motion for that purpose, founded upon an affidavit of the absence of material witnesses. An additional reason was assigned as to Jones —that his state of health required it. As to Reese, his counsel proposed to go into the evidence against him, to show that he ought to be bailed, because when the subject of bail was under the consideration of the district judge, the case of this man was not before him.

WASHINGTON, Circuit Justice. In the exercise of that discretion with which the law invests the court upon this subject. we should no doubt be greatly influenced to a favourable exercise of it, where the continuance appeared to be capricious and unreasonable on the part of the law officer of the court. But in this case, a very sufficient reason for the continuance was assigned by the district attorney; and though not verified by affidavit, the court was satisfied, and assented to the continuance. This, therefore, furnishes no good cause for bailing the prisoners. As to Jones, it is proved by the physician who has attended him since February, in jail, that his health is bad, his complaint pulmonary, and that, in his opinion, confinement during the summer might so far increase his disorder as to render it ultimately dangerous. The humanity of our laws. not less than the feelings of the court. favour the liberation of a prisoner upon bail, under such circumstances. It is not necessary, in our view of the subject, that the danger which may arise from his confinement should be either immediate or certain. If, in the opinion of a skilful physician, the nature of his disorder is such that confinement must be injurious, and may be fatal, we think he ought to be bailed.

As to the case of Reese. it is immaterial, now, whether his case was before the district judge, or not. The bill of indictment being found, we do not feel ourselves at liberty to inquire into the evidence against him. Bail for Jones ordered in 10,000 dollars himself, and two sureties, each 5000 dollars.

[NOTE. Defendant Jones was subsequently tried and acquitted. Case No. 15,494. At the April term, 1814, the other two defendants were tried together, and also acquitted. Case No. 15,496.]