### THE STATE *v.* ACHILLE HEBERT and another.

A parish judge or justice of the peace before whom a party is brought for examina-
tion, cannot admit him to bail, if the crime of which he is accused be " punisha-
able with death, or with seven years or more imprisonment at hard labor." Act 3
May, 1805, sec. 13.

A bail bond taken by a magistrate in a case in which he is prohibited by law from
admitting the party to bail, is void; and the State cannot recover on it,

APPEAL from the District Court of East Baton Rouge, *Johnson, J,*

*Read,* District Attorney, for the State,

*Avery* and *Elam,* for the appellants,

MARTIN, J.    The defendants, subscribers to a bail bond in a
State prosecution for burglary, complain that the District Court
erred in sustaining the claim of the State, the bond having been
taken by a justice of the peace, in violation of the act of the legisla-
ture of the 31st of March, 1807, which prohibits parish judges and
justices of the peace from receiving bail in cases of offences pun-
ishable with death, or with seven years, or more imprisonment

at hard labor. Bull. & Curry's Dig. 530. By statute, (Bull. & Curry's Dig. p. 242, sec. 6, and p. 261, sec. 100,) burglary is punishable with over seven years imprisonment. The appellants' counsel, therefore, contends, that the justice of the peace was without authority to bail—consequently, to take the bond, which, *ergo*, is null. That it is true that the offence charged was, according to the Constitution, a bailable one, and that the legislature could not prevent persons charged therewith from being admitted to bail; but that the constitution is perfectly silent as to the magistrate, or officer by whom bail is to be taken. That the law may, therefore, define the magistrates, or officers, by whom the power is to be exercised. That in cases like the one under consideration, it has vested it in higher magistrates than parish judges, or justices of the peace; and that the latter must, therefore, abstain therefrom. On the part of the State, it has been contended, that the justice had jurisdiction, because the accused was charged with burglary and larceny; the latter offence authorizing a justice of the peace to bail. That it is certainly a *non sequitur*, because a justice of the peace is not bound to commit a person charged with larceny and may admit him to bail, but must commit him and deny to bail him if he be charged with burglary, that he must treat him with greater lenity, if he be accused of both. It is further urged, that by the act of 1818, (Bull. & Curry's Dig. 26,) the punishment of burglary has been altered, and is now " not exceeding fourteen years;" and the counsel for the State urges that a punishment of less than seven years may be inflicted. Burglary is, however, still punishable by more than seven years, for it may be by fourteen; and the object of the legislature was not to authorize a justice of the peace, who was prohibited from admitting to bail for an offence which might be punished by ten years, to do so for one which might be punished by fourteen.

It is, therefore, ordered, that the judgment be annulled and reversed, and that ours be for the defendants.