## THE STATE v. HARPER.

A justice of the peace, before whom a party is brought for examination, cannot admit him to bail, if the crime of which he is accused be "punishable with death, or with seven years, or more, imprisonment at hard labor". Stat. 31 March, 1807, s. 13. This statute is not inconsistent with art. 108, of the constitution of 1845, nor with the corresponding art. of the constitution of 1812. These articles are silent in relation to the magistrates who shall admit to bail, leaving the subject to the discretion of the legislature.

A bail bond taken by a justice of the peace in a case in which he is prohibited by law from admitting the party to bail, is void; and the State cannot recover on it.

APPEAL from the District Court of Caddo, *Olcott*, J. *Gilbert*, District Attorney, for the State. *Landrum*, on the same side. *Young* and

599.

*Campbell*, far the appellants. The judgment of the court was pronounced by
KING, J. *Harper* was arrested under a charge.of "killing *A. G. Fuqua.*"
After hearing his voluntary confession, the justice of the peace, before whom
he was examined, admitted him to bail, on his giving a bond and security in the
sum of $5000, and the defendants became his sureties. At the next ensuing
term of the District Court, an indictment for murder was found against *Harper*,
who failed to appear and answer to the charge preferred against him. When
the sureties were called upon the bond, they opposed its forfeiture, and denied
their liability, on the ground, among many others which were urged, that the
justice of the peace who received this bond was without authority to admit the
accused to bail. The district judge overruled their opposition, and rendered a
judgment, *in solido*, against them, from which they have appealed.

The lowest grade of homicide, regarded as a crime 'is manslaughter, which
may be punished with imprisonment at hard labor for twenty-one years. The
act of the 31st March, 1807, (Bul. & Cur. Dig. p. 530), requires the justice of
the peace, before whom complaint is made of any crime, after an examination,
" to send the accused to jail under the custody of his constable, if the crime be
punishable with death, or with seven years or more imprisonment at hard labor;
or to set him at liberty if the offence be punishable with less severe pains, up-
on giving security in such sum" &c. The act of the 3d May, 1805, is to the
same effect, declaring justices of the peace incapable of admitting to bail par-
ties, charged with offences punishable with death, or exclusively cognizable by
the Superior Court. Bul. & Cur. Dig. p. 529. Those crimes were capital
crimes, and crimes punishable with hard labor for life, or for seven years or
upwards. Sess. Acts, p. 448, § 43. In these cases the justice of the peace is
required to commit the accused to the custody of the sheriff, who is to hold him
in confinement, until he be delivered in due course of law.

In the case of the *The State* v. *Hebert et al.*, 10 Rob. p. 41, justices of the peace
were declared, under the authority of these statutes, to be incompetent to ad-
mit to bail parties charged with crimes which may be punished with imprison-
ment at hard labor for seven years or more, and a bail bond taken by a justice
of the peace, on such complaint, was held to be in contravention of a prohibitory
statute, and consequently void.

The district judge, however, considered that these statutes, as far as they re-
strain the power of justices to admit to bail, have been repealed by the 108th
article of the constitution of 1845, and the corresponding article of the consti-
tution of 1812, which declare that, " all prisoners shall be bailable by sufficient
sureties, unless for capital offences, where the proof is evident or presumption
great." These articles announce no rule which was not in full force in the
territory of Louisiana when the statutes of 1805 and 1809 were enacted, and
stand in no necessary conflict with those acts.

These constitutions are silent in relation to the magistrates who shall exer-
cise the right of receiving bail. This was left to the discretion of the legis-
lature, who have wisely committed the exercise of this important power to a
higher order of judicial officers when the complaint relates to grave crimes, and
to an inferior magistracy the same power is reference to offences of less magni-
tude. This legislation is not inconsistent with the right of the accused to be
admitted to bail, when the offence with which he is charged does not fall within
the excepted class mentioned in the constitution. It denies the right to none
to whom it is accorded by the constitution, but merely discriminates between

<div style="margin-left:2em">STATE<br>
v.<br>
HARPER.</div>

the officers who shall exercise the power of granting bail, according to the gravity of the offence.

The judgment of the District Court is, therefore, reversed, and judgment rendered in favor of the appellants.