## THE STATE v. HAYS.

4a 59
44 904

Decisions in *State* v. *Hebert*, 10 Rob. 41, and *State* v. *Hooper*, 3 An. 598, affirmed.

APPEAL from the District Court of Terrebonne, *Randall*, J. *Cole*, District Attorney, for the State. No counsel appeared for the defendant. The judgment of the court was pronounced by

KING, J. *Hays* was arrested and taken before a justice of the peace, on an affidavit made that he had killed one *Ainsworth*. The justice considered that the evidence established the commission of the crime of murder, notwithstanding which he admitted the accused to bail, in the sum of $5,000.

An indictment for murder was subsequently found against the accused, who failed to appear and answer to the charge. The district attorney thereupon moved for a judgment against the surety on the bond, which motion was opposed on the ground that the justice was without authority to admit the accused to trial. The objection was sustained, and the State has appealed.

In the case of the *State* v. *Hooper*, 3 An. R. 598, we had occasion to examine into the powers of justices of the peace to admit parties to bail; and held, in conformity with the decision in the case of the *State* v. *Hebert*, 10 Rob. 41, that they were incompetent to grant bail when the offence was punishable with death or imprisonment at hard labor for seven years or more, and that bonds taken by them in such cases for the appearance of parties accused were void, being in contravention of a prohibitive law. See Act of 3d May, 1805; Bul. & Cur. Dig. 529. Act of 31st March, 1807; Bul. & Cur. Dig. 530. Sess. Acts, p. 448, § 43. *Judgment affirmed.*