### No. 8912.

The State of Louisiana ex rel. Gus. Hunter vs. R. Brewster, Criminal Sheriff.

| 35 | 605 |
|---|---|
| 48 | 1407 |

The fact that a grand jury has found a bill for a capital offense is of itself a sufficient presumption of guilt to preclude any inquiry into the merits of the prisoner's case upon a *habeas corpus*, or upon an application to be bailed.

The constitutional provision that all persons shall be bailable, unless for capital offences, where the proof is evident, or the presumption great, is common to every Constitution this State has had, and its uniform judicial interpretation has been that the finding of a bill for a capital offence creates a presumption of guilt, sufficiently strong to preclude further inquiry into the merits of the prisoner's defence on an application for bail, and this presumption extends to all purposes except to that of a fair and impartial trial before a petit jury.

APPLICATION for a Writ of *Habeas Corpus*.

---

*Lionel Adams* and *Wm. L. Evans* for the Relator.

The opinion of the Court was delivered by

MANNING, J. Gus. Hunter, the relator, and one Kane, have been indicted for the murder of John Leahey. The two prisoners, having been brought to the bar of the lower court on the 25th of last month for trial, a continuance was asked on the part of Kane, and was granted until the 14th of the present month, May. Hunter insisted on a trial. The court refused to proceed with the trial of Hunter, for the reason that practically it would operate a severance, and the trial of both was continued until the day above named, and they were remanded to prison.

Hunter has applied to this Court for a writ of *habeas corpus*, alleging that he is entitled to be bailed, because the proof of his guilt is not evident nor the presumption thereof great. To substantiate his allegation, he has introduced the testimony of a number of witnesses, taken in writing before the committing magistrate.

The provision of our present Constitution is : all persons shall be bailable by sufficient sureties, unless for capital offences where the proof is evident or the presumption great, or unless after conviction for any crime or offence punishable with death or imprisonment at hard labor. Art. 9.

The grand jury, in finding a bill of indictment, always acts upon evidence taken in secret, usually given *viva voce*, and never preserved. It is not pretended that the witnesses, whose testimony was taken before the committing magistrate and is offered here, are the witnesses upon whose testimony the grand jury found the bill. On the contrary, we were given to understand in the oral argument that the prisoner did not know who were the witnesses that appeared before the grand jury, and the prosecuting officer of the State stated as a reason why the names of these witnesses were not indorsed upon the bill, that it was a necessary precaution to insure their attendance and their safety. A lamentable condition of affairs truly, equally humiliating and alarming.

If we should act upon the testimony of those witnesses who appeared before the committing magistrate alone, and find therefrom that the proof was not evident nor the presumption great, we should assume that the grand jury found the bill upon insufficient evidence, or that other witnesses who appeared before them were not to be believed. The fact that a grand jury has found a bill against a person for a capital offence is of itself a sufficient presumption of guilt to preclude any inquiry into the merits of the prisoner's case upon a *habeas corpus*. And this in no respect trenches upon that fundamental rule

which lies at the root of criminal law and jurisprudence, that every one is presumed to be innocent until he is proved to have been guilty.

In Territory vs. Benoit, 1 Mart. 142, where the prisoner moved to be admitted to bail after the grand jury had found a bill against him for an assault with intent to murder, the Court met it with an emphatic refusal. "It cannot be done," said the Court. " Bail is never allowed in offences punishable by death, when the proof is evident or the presumption great. * * * The Judges cannot help considering the finding of a grand jury as too great a presumption of the defendant's guilt to bail him."

It cannot be said this ruling is inapplicable because made before a constitutional provision was adopted, such as we now have. It will be observed the Court use the identical language, afterwards inserted in our several Constitutions, and upon which reliance is placed to justify bail in the present case. All of our Constitutions have contained the same provision. Const. of 1812, Art. VI, Sec. 19 ; Const. of 1845, Art. 108; Const. of 1852, Art. 104 ; Const. of 1868, Art. 7 ; Const. of 1879, Art. 9.

The subject was exhaustively treated in State vs. Merrick, 10 Ann. 424, a case full of valuable instruction which to all appearance is much needed just now, where the refusal of the District Judge to bail a prisoner after he had been indicted for a capital offence was sustained. The Court there say, that although the propriety of admitting to bail prisoners accused of crime is entrusted to the sound discretion of Judges, yet the fact that the grand jury have found a bill for a capital offence is generally considered a presumption of guilt, sufficiently strong to shut out any further inquiry into the merits of his defence, and that "no such inquiry has ever been permitted, except upon the suggestion of circumstances of the most special and extraordinary character."

The spectacle of persons, under indictment for murder, walking at large before any trial has been had, could not be seen when the discretion of the lower judges was guided and controlled by the cardinal principle enunciated so explicitly in the two cases we have cited—a principle never abraded nor modified by any decision of this Court. The law is the same now as then, and the interpretation of it has always been uniform.

Nor is it elsewhere. In North Carolina it was held, "after bill found, a defendant is presumed to be guilty to most if not all purposes except that of a fair and impartial trial before a petit jury. This presumption is so strong that in the case of a capital felony, the party cannot be let to bail." State vs. Mills. 2 Dev. 421.

In Iowa the Court say, " a prisoner under an indictment for murder cannot, as a matter of right, claim to be admitted to bail on *habeas corpus.* An indictment furnishes no presumption of guilt against a prisoner when he is upon his trial, but so far as it regards all intermediate proceedings between the indictment and the trial, it furnishes the very strongest presumption of guilt." Hight vs. U. S., Morris Rep.

And lest it may be supposed that these Courts are not controlled by an organic law resembling ours upon this matter, it may be well to state that the Constitutions of these two States, as indeed do most of the American States, contain a provision identical with our own.

After Burr's indictment, on application to be admitted to bail, he proposed to shew that the bill had been found on perjured testimony, but Marshall, C. J., said it was inadmissible after indictment found, and refused to let him to bail.

In U. S. vs. Ruse, 3 Wash. C. C. Rep. 224, the defendant being indicted for piracy, his counsel proposed to introduce evidence to shew that he ought to be bailed, but the Court refused, saying, " the bill of indictment being found, we do not feel ourselves at liberty to inquire into the evidence against him."

In New York, where there is no constitutional provision on the subject, the English practice prevails of denying bail after indictment found, although the power of the Court to admit to bail in such case is not understood to be denied.

Where there has been a trial before a petit jury, who failed to agree, the rule is relaxed, because in that case the presumption of guilt, arising from the finding a bill by the grand jury, is counterbalanced by the contrary presumption arising from the failure of a petit jury to convict. But even this is not universal, for in Ohio the mere disagreement of the petit jury does not entitle the prisoner to be bailed. State vs. Simmons, 19 Ohio, 139. See the whole subject treated in Hurd on Habeas Corpus, 427.

There are other circumstances which justify admission to bail after indictment. Thus it was held in California that bail might be taken after indictment in capital cases where the public prosecutor admits that the evidence to be produced will not warrant a conviction for a capital offence, or where he admits facts from which it is evident that no such conviction can result. So when the trial of the prisoner is unreasonably delayed by postponing it from term to term. People vs. Tinder, 19 Cal. 540.

The cases here given as instances or illustrations of the circumstances, under which bail in capital cases will be permitted, shew within what narrow limits the permission is confined, and stamp the

expression of this Court in 10th Annual, already cited, with the indubitable seal of recognised authority, *i. e.*, no inquiry into the defence will be permitted, after indictment for a capital crime, except under special and extraordinary circumstances.

No circumstances whatever appear in the application of the relator to take it out of the ordinary routine of criminal proceedings, but it was apparent in the oral argument that the words of the Constitution touching the right to bail, unless where the proof is evident or the presumption great, were supposed to have relaxed in some sort a rule of very general prevalence. This constitutional provision is not peculiar to us. It has long existed here and elsewhere, and its meaning is settled beyond controversy.

As to the refusal of the lower Judge to put the relator on his trial at once, for the reason that it would operate a severance, it can form no ground for admission to bail, when the postponement of the trial is for so short a time as in this case, even if it could under more rigorous circumstances.

It is therefore ordered that the writ is discharged at the relator's costs.