No. 10,099.

40 3
48 1407

THE STATE EX REL., GEORGE B. RICE VS. CHARLES A. BUTLER, CRIMINAL SHERIFF.

A person indicted for a capital offense is not entitled to bail on the ground that his case has been continued at the instance of the State, if it appears that the only effect of such continuance is to postpone the trial to the next month after the date for which the trial had been fixed.

An indictment for a capital offense affords sufficient presumption of the guilt of the accused, to remove him from the right to bail under the provisions of Article 9 of the Constitution.

APPLICATION for Habeas Corpus.

---

*John J. Finney* for the Relator.

---

The opinion of the Court was delivered by

POCHÉ, J. This is an application by means of the writ of *habeas corpus*, to be admitted to bail by the relator who is held in custody under an indictment for arson, and who complains that he has been

denied his constitutional right to a speedy trial through the fault of the State.

The record shows that the indictment against him was returned into court on the 22d of November, 1887, and that the trial of his case was fixed for the 20th of December following.

On that day relator, the accused, was in court ready for trial, but the State was not ready, and on motion a continuance was ordered.

The motion for a continuance was grounded on the absence of the district attorney from the city, and on other dilatory reasons, which were considered as satisfactory by the trial judge. Relator then applied to the district judge to be admitted to bail for the same reasons substantially which ground his present application to this court, and his motion was overruled.

His point is that a continuance of his trial at the instance of the State entitles him to bail, although the crime for which he stands indicted is not a bailable offense, under the Constitution.

Under the provisions of section 841 of the Revised Statutes, the crime of arson as charged against relator is punished by death, hence it is a capital offense.

Now Article 9 of the State Constitution, which secures the benefit of bail in criminal prosecutions provides that: "All persons shall be bailable by sufficient sureties, unless for capital offenses where the proof is evident or the presumption great."

Criminal jurisprudence has long since settled the rule that an indictment furnishes absolute evidence that the proof is evident and the presumption great as regards the right to bail. Territory vs. Benoit, 1 Martin, 142; State vs. Merrick, judge, 10 Ann., 424; State ex rel., Hunter vs. Sheriff, 35 Ann., 605. Church on Habeas Corpus §403, and authorities cited in note. Hence it follows that under the general rule relator is not entitled to bail.

But his contention is that, under the circumstances of his case, he comes under an exception to the general rule, and he rests his application on the following dictum in McFarlane's case, 1 Martin 416: "In case of a mistrial or of a continuance, at the instance of the territory, as the confinement may be extended to a considerable length, there would be no impropriety in listening to a motion to bail."

But relator's application does not present the exceptional circumstances contemplated in that decision, and nothing here suggests the probability, under the effect of the continuance, of a confinement to a considerable length.

In his petition relator himself avers that the only effect of the con-

tinuance will be to hold him in custody, "denied the privilege of a trial until sometime in the coming month," which begins to-morrow; and we are informed by the district attorney that the case will be fixed for trial for Friday next, the sixth day of that month.

The terms of the criminal district court of the parish of Orleans succeed each other every month, and everything points to a rapidly approaching trial of relator under the charge which is pending against him.

Hence his case under the present application presents no reasons to warrant the interference of this court at the present stage of the proceedings. Nothing in this application suggests any features to distinguish this case from that of Hunter in the 35th Ann., 605, in which a similar application was denied, after a thorough review of our own, and general, criminal jurisprudence.

It is therefore ordered that the writ is discharged at the relator's costs.