### No. 10,401.

### STATE OF LOUISIANA EX REL. A. H. STRICKLAND AND A. Y. ALFORD VS. GABRIEL VILLERÉ, CRIMINAL SHERIFF.

When on motion of the accused the indictment is quashed, because of the illegal impanelling and constitution of the Grand Jury which presented an indictment for murder, the accused, on that account will will not to be entitled to bail.

When the indictment is quashed and the accused had a previous preliminary examination, they are held under the order issued by the judge on the examination. When the accused, on the refusal of the judge to admit them to bail on the preliminary examination, apply to the Supreme Court for relief, which is denied, and then again apply for the same relief, on the judge's refusing bail, when the indictment is set aside, the same issues are involved—and the writ will be discharged. In order to entitle them to relief they must show denial of Constitutional right, a speedy and public trial, or some fact which entitles them to be admitted to bail. The length of time between the regular terms of courts, unless it is shown the State interposed some obstacles to the trial, and unnecessarily deferred relief will not entitle them to bail.

APPLICATION for Writ of *Habeas Corpus.*

---

*W. F. Kernan* and *Reid & Reid* for the Relators.

*Walter H. Rogers*, Attorney General, for the Respondent.

———

The opinion of the Court was delivered by

McENERY, J.　On the 5th day of April, 1889, the Grand Jury of the Parish of St. Helena presented an indictment against the relators for murder.

On the 12th of the same month, on their motion, the indictment against them was quashed and set aside. The ground upon which the indictment was quashed was that the clerk of court had not qualified as jury commissioner at the time when the venire was drawn for April, 1889. The judge very properly ordered, when he set aside the indictment, that the accused be held in custody to await a new indictment and trial thereunder.

The preliminary examination and the indictment which was presented by the Grand Jury were sufficient ground for the order. The accused had a preliminary examination before the district judge, for the crime for which they were indicted. Bail was refused and the accused remanded to jail. Application was then made for bail to this court and refused. They have again applied to this court for relief, on the refusal of the district judge to grant an order admitting them to bail. On the setting aside of the indictment the accused were detained in custody on the order rendered by the district judge on the preliminary examination. The same facts, therefore, present themselves in this application. There are no new facts alleged which would entitle the accused to bail. The only fact upon which they rely is that the indictment was quashed on the ground of a failure on the part of the jury commission to provide a legal jury for that term of court, and they can not obtain a speedy trial, as required by the Constitution, as the court which is to try them will not hold its session until some time in October.

It is the length of time, from now until October, when they will be compelled to remain in custody, that the accused complain of, and which they allege will bring their case under the ruling of State vs. Norton, 35 Ann. 608, and State vs. Rice, 40 Ann. 3.

These cases were adverse to the claims set up by accused, but the accused, in the instant case, allege it was because there was no prolonged delay in the opportunity offered them for trial that the decree refusing a writ was rendered in these cases.

There is nothing in the application which distinguishes it from those cases. The State has not actively interposed an obstacle to the speedy trial of the accused.

. The court has held its sessions regularly, and they were indicted at the first general term after the commission of the offense.

. The courts have been opened for the consideration of their application for relief by *habeas corpus*, and they have had a preliminary examination.

It was on their own motion that the indictment was quashed, and as this happened at the closing of the term, when no new indictment could be presented, it is no hardship on the accused inflicted by the State to compel them to remain in custody until the next regular term. In this there is no denial of justice, and the accused are not deprived of a speedy public trial.

The present application for bail is a practical reassertion of the issue presented on the first application of the accused for bail to this court. And for the reasons now assigned, and the reasons in that case, it is ordered that the writ be discharged at relators' costs.