The opinion of the court was delivered by
Watkins, J.
Alleging that they were held in custody by the sheriff of the parish of Jefferson by virtue of an affidavit charging them with the murder of one John S. Prayther on the 17th of August, 1896, and a capias thereunder issued, and the present absence of the District Judge from the Státe, relators seek to be finally discharged therefrom, or granted their release on furnishing bond, insisting that theirs is a case coming within the court’s original jurisdic • tion under the Constitution to grant relief by habeas corpus. Art. 89 of the Constitution.
But, in our opinion, their petition states no ground for the relief sought, considered on its merits.
The application is confessedly for a preliminary examination; and their averments are that, upon the evidence, when adduced, it will appear that no crime has been committed by them.
Neither under the provisions of the Constitution nor statutes of the State has this court, or the judges thereof, been charged with the duties of committing magistrates. Constitution, Art. 81 et seq.; Revised Statutes, Sec. 1010 et seq.
While it is true that the Constitution authorizes this court and the judges thereof to issue writes of habeas corpus, it is their province to determine the method in which and the circumstances under which, in any given case, such jurisdiction will be exercised.
In contemplation of law a preliminary examination of an accused person is to be set on foot upon the application of some judge or justice of the peace of the vicinage, and its province is to perpetuate the testimony against the accused. Revised Statutes, Sec. 1010.
It seems to our minds a perfectly clear proposition, that we would run counter to all precedent and authority to take up this case, hear the evidence and release the prisoners on bond, or discharge them, upon such evidence as might be presented by the relators within the scope of their petition.
*1407 Neither the District Judge nor District Attorney of the district within which the parish of Jefferson is situated, has been made a party; and certainly the issue raised can not be contested and. determined contradictorily with the sheriff alone.
The following cases are pertinent, and, in our opinion, applicable, viz.: State ex rel. Vickers, 47 An. 662; State ex rel. Baumann vs. Sheriff, 44 An. 1015; State ex rel. Rice vs. Sheriff, 40 An. 3; State ex rel. Hunter vs. Sheriff, 36 An. 606.
The petition, it is true, avers that the judge of the district is absent, but it does not show that he will continue to be absent for so great a length of time as to cause relators great injury, or submit them to injustice thereby.
Such averments would, in any case of this kind, be jurisdictional.
We are of opinion, upon careful reflection, that relief in the present form should be denied, reserving relators’ right to preliminary examination according to law, or suitable application for bail.
It is therefore ordered and decreed that the rule nisi be discharged at relators’ cost, and the relief prayed for denied, reserving their right to preliminary examination, or application for bail before the Judge of the District Oourt.