(57 South. 321.)

No. 19,215.

STATE v. JENKINS et al.

In re JENKINS.

(Jan. 2, 1912.)

*(Syllabus by the Court.)*

MANDAMUS (§ 61*)—ADMISSION TO BAIL.

The fact that a person charged with a capital offense supports his application by the ex parte affidavits of two other persons, tending to establish an alibi, does not so rebut, or destroy, the presumption arising from the action of the grand jury, in finding the bill of indictment, as to make it the plain legal duty of the judge of the district court to admit the accused to bail, and this court will not issue the writ of mandamus directing him to do so.

[Ed. Note.—For other cases, see Mandamus, Dec. Dig. § 61.*]

Trent Jenkins and others were charged with arson, and, on refusal of bail, John Jenkins applies for writs of certiorari and mandamus. Denied, and proceedings dismissed.

Carter & Carter, for relator.

MONROE, J. Relator, having been charged with setting fire and burning in the nighttime the house in which Oliver Williams and his family were then residing and lodging, asked to be admitted to bail, and, his request having been refused, he prays that a writ of mandamus issue commanding the judge a quo to grant it. The judge, made respondent, answers as follows:

"Relator relies on two affidavits, made by deputy sheriffs which, if true, would show an alibi. An alibi, after indictment is found, is a defense to be heard at the trial of the case. No doubt, the grand jury, in finding the indictment in this case, heard all proper evidence on this question of fact, and that the district attorney, during the trial of the case, will offer proof on this question of an alibi. It would be a dangerous precedent for any court to establish; i. e., to give a party bail on the strength of two affidavits which are not legal testimony. The power to grant bail is never exercised after an indictment by the grand jury. The reason is that the testimony heard by the grand jurors is not written and cannot be disclosed, and, consequently, cannot be looked into by the judge, who must, necessarily, regard the conclusion of the grand jury as too great a presumption of the guilt of the prisoner to bail him. State ex rel. Hunter v. Brewster, 35 La. Ann. 605; State ex rel. Rice v. Butler, 40 La. Ann. 3 [3 South. 350]; [State ex rel. Strickland v. Criminal Sheriff] 41 La. Ann. 573 [6 South. 827]; [State ex rel. Johnson] 48 La. Ann. 1407 [20 South. 892]. I respectfully submit John Jenkins is not entitled to bail," etc.

Counsel for relator call our attention to the two affidavits referred to by the respondent judge, which set forth that the affiants arrested the relator on the evening of the night on which, relator alleges, in the petition, here filed, the burning is said to have taken place, and lodged him in a jail, 21 miles distant from the scene of the fire; and that he was not released until the next day, and did not return to the scene of the fire until the next afternoon. Counsel also call our attention to article 12 of the Constitution, which provides (inter alia) that "all persons shall be bailable by sufficient sureties, unless for capital offenses, where the proof is evident or presumption great," etc.

As relator is charged with a capital offense, the question presented for decision is whether the two affidavits relied on by him so entirely rebut the presumption of guilt arising from his indictment by the grand jury as to make it the plain legal duty of the respondent to admit him to bail? That question is answered in the negative by the authorities to which we are referred by the respondent. In the case first cited, Mr. Justice Manning, as the organ of this court, said:

"The fact that a grand jury has found a bill against a person for a capital offense is, of itself, a sufficient presumption of guilt to preclude any inquiry into the merits of the prisoner's case upon a habeas corpus. And this in no respect trenches upon that fundamental rule, which lies at the root of criminal law and jurisprudence, that every one is presumed to be innocent until he is proved to have been guilty." State ex rel. Hunter v. Brewster, Sheriff, 35 La. Ann. 606.

And, in the next case cited, Mr. Justice Poche, speaking for the court, said:

"Under the provisions of section 841 of the Revised Statutes, the crime of arson, as charged against relator, is punishable by death, hence, it is a capital offense. * * * Criminal jurisprudence has, long since, settled the rule that an indictment furnishes absolute evidence that the proof is evident and the presumption great as regards the right to bail." State ex rel. Rice v. Sheriff, 40 La. Ann. 4, 3 South. 351 (citing authorities).

It is therefore ordered, adjudged, and decreed that relator's application be denied and this proceeding dismissed, at the cost of the relator.