PROVOSTY, J.
Affidavits having been made against the two accused, Roy Pichón and Gus Tomes, charging them with murder,, the matter was fixed for preliminary examination in the respondent judge’s court for the 9th of the month, and, on motion of the district attorney, was reassigned for the next day, the 10th, and on the latter day was postponed without day at the request of the district attorney, who stated to the court that in view of some evidence newly discovered he thought that further investigation should be made before the preliminary examination was had. A formal motion filed by the accused, that a day be-fixed for the preliminary examination, was denied. On the 12th the accused applied to-this court for a mandamus to compel the-respondent judge to hold a preliminary examination forthwith. On the 17th, while the matter of this application was still pend *349 ing in this court, an indictment was found against the accused in the criminal district court, and a few days thereafter the affidavit before the respondent judge was dismissed.
After indictment found in a capital case, the accused is no longer entitled to have a preliminary examination held for the purpose of bail or release, though, no doubt, under special circumstances, a district judge might, in his discretion, require such an examination to be held for the purpose of bail. State v. Merrick, Judge, 10 La. Ann. 424; State ex rel. Hunter v. Brewster, 35 La. Ann. 605; State v. Butler, 40 La. Ann. 3, 3 South. 350; State ex rel. Strickland v. Sheriff, 41 La. Ann. 572, 6 South. 827; 39 L. K. A. (N. S.), note, 760.
The application for a mandamus is therefore denied.