319 F.2d 817
 UNITED STATES of America, Appellee,
v.
Ivan Dmitrievich EGOROV, a/k/a Ivan D. Yegorov and Aleksandra Ivanovna Egorova, a/k/a Alexandra I. Egorova, John Doe, a/k/a Robert Keistutis Baltch, a/k/a Robert Baltch, and Jane Doe, a/k/a Joy Ann Garber, a/k/a Joy Ann Baltch, a/k/a Joy A. Baltch, Appellants.
 Nos. 414-415.
 Dockets 28334-28335.
 United States Court of Appeals Second Circuit.
 Argued July 16, 1963.
 Decided July 16, 1963.
 
 William W. Kleinman, Brooklyn, on the briefs for appellants.
 Joseph V. Costa, Asst. U. S. Atty. (Joseph P. Hoey, U. S. Atty., E. D. New York, Brooklyn, N. Y., on the brief) for appellee.
 Before LUMBARD, Chief Judge, and SMITH and HAYS, Circuit Judges.
 PER CURIAM.
 
 
 1
 We affirm in open court the order of the district court denying bail to Ivan Dmitrievich Egorov and Aleksandra Ivanovna Egorova pending trial, and we deny their application for bail.
 
 
 2
 Egorov and Egorova, who are husband and wife, were arrested on July 2, 1963 on a charge of conspiracy to commit espionage in violation of 18 U.S.C. § 794 (a), an offense which may be punishable by death. Thereafter on July 15, 1963, an indictment was returned in the Eastern District of New York charging against appellants and three others with conspiracy to communicate, deliver and transmit to a foreign government, the Soviet Union, information relating to the national defense of the United States "and particularly information relating to military installations, rocket launching sites, naval installations, troop movements, ship movements, shipments of military supplies and atomic weapons, shipyards and military waterfront facilities, with intent and reason to believe that the said information would be used to the advantage of the said foreign government, to wit, the Union of Soviet Socialist Republics" and to engage in other espionage activities, all in violation of 18 U.S.C. § 794(a).
 
 
 3
 As the crime charged is punishable by death there is no right to bail before conviction. In such cases Rule 46 (a) of the Federal Rules of Criminal Procedure specifically states that admission to bail is a matter of discretion.
 
 
 4
 We agree with the district court that the nature of charges, the fact that the defendants are citizens of a foreign country, and all the circumstances of this case justify the position of the United States Attorney in urging that bail be denied.
 
 
 5
 Whether we treat this as an appeal from the order of the district court; Stack v. Boyle, 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3 (1951); United States v. Noto, 226 F.2d 953 (2 Cir. 1955), or as an application to this court for bail the result is the same.
 
 
 6
 We are in agreement that bail should be denied.