169 So.2d 902

**STATE of Louisiana**

v.

**Althea HAMILTON.**

No. 47494.

Dec. 14, 1964.

---

William F. Wessel, Hugues J. de la Vergne II, New Orleans, for relator.

Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for respondent.

SUMMERS, Justice.

Althea Hamilton, relator herein, was arrested without a warrant by the New Orleans Police Department on October 3, 1964. She was booked with murder. On the morning of October 7, 1964, before an indictment had been found against her, or an information filed, relator filed a motion for a preliminary examination before Judge Platt of the Criminal District Court for Orleans Parish. The motion for a preliminary examination was denied. On the same day relator then applied to this court for a writ of mandamus to compel the trial court to grant the preliminary examination. This court granted an alternative writ of mandamus on October 8, 1964, directing the judge to hold the preliminary examination or show cause to the contrary on November 13, 1964.

In his answer to the rule to show cause the trial judge filed documents showing that since the filing of the motion for a preliminary hearing a true bill was returned by the Orleans Parish Grand Jury on October 22, 1964, charging Althea Hamilton with murder.

Under the provisions of LSA–R.S. 15:154 the party accused has a *right* to demand a preliminary examination before an indictment has been found; however, thereafter, the right to a preliminary hearing is within the discretion of the district court. See State v. Gaspard, 222 La. 222, 62 So.2d 281 (1952); State v. Pichon, 148 La. 348, 86 So. 893 (1921).

The motion for a preliminary examination before us is founded upon allegations.

which did not contemplate the fact of an indictment for murder against relator. That indictment changes the facts of the case and the rights of relator under LSA–R.S. 15:154. Thus the issues presented by her motion have become moot. The motion for a preliminary hearing as presented is now without merit. There is no need to decide any other issue.

The writ of mandamus is recalled and the rule to show cause is vacated.