**Frank Brent McCARROLL**

v.

**Hon. Taft FAUST, Livingston, La., Hon. Ben N. Tucker, Hammond, La., Hon. Duncan S. Kemp, Jr., Amite, La.**

**Misc. No. 967.**

United States District Court
E. D. Louisiana,
Baton Rouge Division.

Jan. 16, 1968.

---

L. B. Ponder, Jr., Amite, La., for petitioner, Frank Brent McCarroll.

WEST, Chief Judge.

Petitioner, Frank Brent McCarroll, is under Grand Jury indictment for murder and is being held, pending trial, in the parish jail in Livingston Parish, Louisiana, without benefit of bail. He petitions this Court for the issuance of a writ of habeas corpus contending that to deny him the benefit of bail is to deny him the presumption of innocence to which he is entitled, and that to deny him the benefit of bail is to punish him for an offense without due process of law contrary to the Constitution and laws of the United States. He also contends that to be thus held without bail is to deny him the equal protection of the law and the privileges and immunities guaranteed him by the Constitution and laws of the United States. Petitioner then avers that he is being thus held without bail by respondents pursuant to the provisions of Article 1, Section 12, of the Constitution of the State of Louisiana, and Article 313 of the Louisiana Code of Criminal Procedure, and that since he is alleging the unconstitutionality of these provisions he is entitled to have this matter heard and determined by a three judge Federal Court pursuant to the provisions of 28. U.S.C.A. §§ 2281–2284.

It appearing on the face of the petition filed herein that petitioner is not entitled to the relief he seeks, no hearing there-

on is required and for the following reasons, petitioner's application for habeas corpus will be denied.

Article 1, Section 12 of the Constitution of Louisiana provides, in pertinent part, as follows:

"Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted. All persons shall be bailable by sufficient sureties, except the following: 1. Persons charged with a capital offense, where the proof is evident or the presumption great. * * * *"

Article 313 of the Louisiana Code of Criminal Procedure provides:

"A person charged with the commission of a capital offense shall not be admitted to bail if the proof is evident or the presumption great that he is guilty of the capital offense.

"When a person charged with the commission of a capital offense makes an application for admission to bail, the judge shall hold a hearing contradictorily with the state. The burden of proof:

"(1) Prior to indictment is on the state to show that the proof is evident or the presumption great that the defendant is guilty of the capital offense.

"(2) After indictment is on the defendant to show that the proof is not evident nor the presumption great that he is guilty of the capital offense."

■■ Directing our attention first to petitioner's demand for a hearing of this matter by a three judge Federal Court, we find no merit to his contentions for two reasons. First, a three judge court is not necessary where constitutionality of a State statute is attacked on petition for Federal habeas corpus relief. United States ex rel. Watkins v. Com. of Pa., 214 F.Supp. 913 (D.C.Pa.–1963); United States ex rel. Laino v. Warden of Wallkill Prison, 246 F.Supp. 72 (D.C. N.Y.–1965). Second, since the existence of a question as to the constitutionality of a State statute sufficient to justify the convening of a three judge Federal Court must be determined from the allegations of the petition, Liberty National Life Insurance Co. v. Read, 24 F.Supp. 103 (D.C.Okl.–1938); Bradley v. Waterfront Commission of New York Harbor, 130 F.Supp. 303 (D.C.N.Y.–1955), and since the question of unconstitutionality of the State statute appearing in the petition must be, in the opinion of the Court, a substantial one in order to warrant the intervention of a court of three judges where it is sought to restrain the enforcement of the State statute, United Drug Co. v. Graves, 34 F.2d 808 (D.C. Ala.–1929); Voege v. American Sumatra Tobacco Corp., 192 F.Supp. 689 (D.C.Del. 1961); Shuttlesworth v. Birmingham Board of Education of Jefferson County, Ala., 162 F.Supp. 372 (D.C.Ala.1958), aff'd 358 U.S. 101, 79 S.Ct. 221, 3 L.Ed. 2d 145, and since, in the opinion of this Court, it is obvious that there is no merit to petitioner's contention that the statues or constitutional provisions in question are in violation of the United States Constitution, the requirements for the convening of a three judge court have not been met.

Thus, petitioner's demand for a hearing of this matter by a three judge court will be denied.

■■■ Turning now to the merits of petitioner's application for habeas corpus, this Court finds no merit in his contentions. There is no federally protected right to bail pending trial when one is charged with a capital offense, and there is no such right under the laws of the State of Louisiana. As early as 1810 the Superior Court of the Territory of Orleans, Louisiana, had held that in a capital case, where the proof was evident or the presumption of guilt great, there was no right to bail. See Territory v. Benoit, 1 Mart., (O.S.) 142 (1810) and Territory v. M'Farlane, 1 Mart., (O.S.) 216 (1811). In two later cases the Supreme Court of Louisiana held that under Louisiana law, a judge could not admit an accused to bail if he was charged with a crime punishable by death. State

v. Hebert, 10 Rob. 41 (1845); State v. Harper, 3 La.Ann. 598 (1848).

These holdings were based on the fact that in each of the cases the proof of guilt was evident or the presumption of guilt was strong. Thereafter, in 1883 the Supreme Court of Louisiana in State of Louisiana ex rel. Hunter v. Brewster, 35 La.Ann. 605, held that when a grand jury indictment was returned in a capital case, the indictment created a presumption of guilt, precluding further inquiry into the merits of the accused's defense on application for bail or habeas corpus. The same distinction between the right of bail in a non-capital offense as opposed to a capital offense was again recognized in State v. Williamson, 135 La. 662, 65 So. 877 (1914), aff'd on rehearing, 135 La. 669, 65 So. 880 (1914). Again in State v. Pichon, 148 La. 348, 86 So. 893 (1921), the Louisiana Supreme Court re-affirmed its position that in a capital case, after an indictment has been returned, the accused is not entitled, as a matter of right, to further hearing for the purpose of bail or release. Thus it is apparent that under the well settled law of Louisiana a person charged by indictment with a capital offense is not entitled, of right, to bail pending trial.

The next question presented is whether or not this well settled law of the State of Louisiana operates to deprive a person charged with a capital offense of any federally protected right. This question must be answered in the negative. Federal law has always recognized a justifiable difference in the handling of a person charged with a capital offense as distinguished from one charged with a non-capital offense. Thus, as early as 1789, prior to the ratification of the Bill of Rights, Congress passed the Judiciary Act of 1789, which provided that "Upon all arrests in criminal cases, bail shall be admitted, except where the punishment may be death." 1 Stat. 73, 91 (1789). Neither the ratification of the Bill of Rights, nor any Act of Congress, nor any court interpretation of any Act of Congress since that time has in any way eliminated or altered this distinction.

In 1951, in Stack v. Boyle, 342 U.S. 1, 4, 72 S.Ct. 1, 3, 96 L.Ed. 3 (1951), the Supreme Court of the United States said:

"From the passage of the Judiciary Act of 1789, 1 Stat. 73, 91, to the present Federal Rules of Criminal Procedure, Rule 46(a) (1), 18 U.S.C.A., federal law has unequivocally provided that a person arrested for a *non-capital offense* shall be admitted to bail. This traditional right to freedom before conviction permits the unhampered preparation of a defense, and serves to prevent the infliction of punishment prior to conviction." (Emphasis added.)

In the case of United States ex rel. Hyde v. McMann, 263 F.2d 940 (C.A.2–1959), cert. den. 360 U.S. 937, 79 S.Ct. 1462, 3 L.Ed.2d 1549, the Court not only recognized the absence of a right to bail in a capital offense, but held that whether or not a defendant charged with a *felony* is to be admitted to bail is normally a question solely for the State to decide. Thus, no federally protected right to bail in such a case was recognized. And again, in United States v. Egorov, 319 F.2d 817 (C.A.2–1963), cert. den. 375 U.S. 926, 84 S.Ct. 329, 11 L.Ed.2d 261, the Court said:

"As the crime charged is punishable by death there is no right to bail before conviction. In such cases Rule 46(a) of the Federal Rules of Criminal Procedure specifically states that admission to bail is a matter of discretion."

In 1964 the Federal Courts again recognized the right of a State to deny bail pending trial in certain types of cases. In the case of Mastrian v. Hedman, 326 F.2d 708 (C.A.8–1964), cert. den. 376 U.S. 965, 84 S.Ct. 1128, 11 L.Ed.2d 982, the petitioner had been charged by indictment with murder and bail had been set at $100,000. When his motion for reduction of bail was denied by the Minnesota Supreme Court, he petitioned the Federal Court for habeas corpus, contending that the amount of bail fixed was so excessive as to amount to an arbitrary and discriminatory denial of his right to liberty pending trial in viola-

tion of the Eighth and Fourteenth Amendments to the United States Constitution. In denying the writ the Court said:

> "Neither the Eighth Amendment nor the Fourteenth Amendment requires that everyone charged with a State offense must be given his liberty on bail pending trial. While it is inherent in our American concept of liberty that a right to bail shall generally exist, this has never been held to mean that a state must make every criminal offense subject to such a right or that the right provided as to offenses made subject to bail must be so administered that every accused will always be able to secure his liberty pending trial. Traditionally and acceptedly, there are offenses of a nature as to which a state properly may refuse to make provision for a right to bail."

This case was later quoted and followed in the case of Dameron v. Harson, 255 F.Supp. 533 (W.D.La.–1966), aff'd. 364 F.2d 991 (C.A.5–1966).

And finally, the Bail Reform Act of 1966, 18 U.S.C.A. §§ 3146–3152, expressly makes a distinction between capital and non-capital offenses. See 18 U.S.C.A. § 3148. As was concluded by the Court in United States v. Erwing, 268 F.Supp. 877 (D.C.N.D.Cal.–1967), Section 3148 of the Bail Reform Act of 1966 did not in any way alter the law as it existed prior to the passage of that Act to the effect that bail, prior to trial, is mandatory only in non-capital cases, and is discretionary with the Court in capital cases. As stated by the Court in *Erwing:*

> "In discussing Section 3148, the Senate Report setting forth the legislative history states the following:

> " 'This section treats those accused with capital offenses and convicted persons differently from persons accused on noncapital offenses. This section accordingly provides that such persons are presumptively to be released under section 3146, but may be ordered detained if the circumstances indicate that 'release would not be advisable. Since there is no absolute right to

bail in capital cases nor in the cases of convicted persons, the courts are empowered to elect to detain defendants in such cases.' "

Thus, it is clear that when the State of Louisiana refused to release petitioner, who is under indictment for a capital offense, on bail prior to trial, it did not do so in violation of the law of Louisiana, and it is abundantly clear that the laws of Louisiana, pursuant to which bail was refused, do not in any way violate any of petitioner's federally protected rights. Hence, petitioner's application for the issuance of a writ of habeas corpus must be denied.