253 So.2d 211

**STATE of Louisiana**

v.

**Kirksey McCord NIX, Jr., et al.**

No. 51753.

Sept. 21, 1971.

On Reconsideration Sept. 30, 1971.

Dissenting Opinion Oct. 11, 1971.

Dissenting Opinion Oct. 19, 1971.

In re: Kirksey McCord Nix, Jr., John C. Fulford, James R. Knight and Peter F. Mule applying for writs of certiorari.

Granted. See order.

The petition of relators in the above numbered and entitled cause having been duly considered,

It is ordered that the order denying a contradictory hearing to determine "* * * if the proof is evident or the presumption great that he is (relators are) guilty of the capital offense" issued by the Honorable Oliver P. Schulingkamp, Judge of Section F of the Criminal District Court for the Parish of Orleans on September 13, 1971, be and the same is hereby set aside.

It is further ordered that the Judge of the Criminal District Court for the Parish of Orleans conduct a hearing on relators' application for bail in compliance with

Code of Criminal Procedure Article 313 and after evidence has been adduced by the relators and the State the Court shall determine relators' entitlement to bail in the premises.

On Reconsideration.

On reconsideration of this matter in the light of the return of the trial judge who had not been served originally with a copy of relator's application as required by our rules, we reinstate our order of Sept. 21, 1971, relative to the holding of a hearing for bail. However, that hearing is to be restricted to the introduction of affirmative evidence by relators tending to show that the proof of guilt is not evident nor the presumption great, and to the introduction of rebuttal evidence of the state. Discovery evidence shall not be received.

BARHAM, J., concurs adhering to original order citing C.Cr.P. Art. 313.

HAMLIN, J., dissents. The return of the trial judge convinces me that his ruling is correct.

SANDERS, J., dissents with written reasons.

SUMMERS, J., dissents and assigns reasons.

SANDERS, Justice (dissenting).

The Grand Jury of Orleans Parish indicted the applicants for murder. Pursuant to Article 313 of the Louisiana Code of Criminal Procedure, the trial judge ordered a bail hearing. During the hearing, the applicants began to call the State's witnesses and propound questions directed to the discovery of the details of the State's evidence. After the State objected to the use of the hearing for pre-trial discovery, the trial judge ruled that he would only receive evidence of extraordinary circumstances (such as alibi) tending to show that the proof of guilt was not evident or presumption great. The applicants did not perfect a bill of exceptions to this ruling, but applied to this Court for supervisory relief without serving the trial judge.

In my opinion, the ruling of the trial judge was correct.

I am also of the opinion that the showing made does not warrant the exercise of our supervisory jurisdiction.

SUMMERS, Justice (dissenting from the order directing the trial judge to hold another hearing).

I agree with the dissenting opinion of SANDERS, J.