**Clifford HARRINGTON**

v.

**Elton ARCENEAUX.**

**Civ. A. No. 19333.**

United States District Court,
W. D. Louisiana,
Lafayette Division.

Oct. 18, 1973.

---

J. Minos Simon, Lafayette, La., for plaintiff.

Hugh E. Brunson, Crowley, La., for defendant.

## OPINION AND ORDER

PUTNAM, District Judge

Previously, in No. 18544 of this court's docket, this petitioner applied for a writ of injunction against the defendant, Elton Arceneaux, and convocation of a three-judge court for injunctive relief against the enforcement of Article 1, § 12 of the Louisiana Constitution of 1921, and Article 313 of the Louisiana Code of Criminal Procedure. The facts are set out in the opinion we rendered denying injunctive relief in that case, a copy of which is attached hereto and made part hereof as Appendix 1.[1]

Petitioner returned to the State Court where he apparently applied for a writ of habeas corpus urging the same grounds as were set out in his application to this court referred to above. The application for habeas corpus was denied by the trial judge. The Supreme Court of Louisiana, on August 31, 1973, three Justices dissenting, refused to

---

[1]. This opinion is separately reported at 367 F.Supp. 1268.

grant writs or otherwise exercise its supervisory jurisdiction. Although denominated a petition for habeas corpus, the proceedings in the state court attacked the statutes involved in the hearing previously had before this court, which are fully set out in the footnotes of Appendix 1.

We referred this matter to the Magistrate for his recommendation as to whether or not an evidentiary hearing should be had. The Magistrate concluded that no evidentiary hearing was required, and went beyond the order of referral to render an opinion based upon authorities "cited by petitioner in his brief filed with the Louisiana Supreme Court beginning on page 11 thereof," a copy of which was filed with the Magistrate and attached to his opinion. The Magistrate's "recommendations", suggesting that the writ be granted, are filed in this record. We disagree with the Magistrate and decline to grant petitioner relief under Title 28 U.S.C.A. § 2241 et seq., particularly § 2254(a), (b).

■ A reading of § 2254 makes it clear that habeas corpus is available to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. Prior to Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972) prisoners charged with capital offenses were not entitled to bail as a matter of constitutional or federally protected right. See: McCarroll v. Faust, E.D.La.1968, 278 F.Supp. 448, at 450, 451, 452; and compare: Fink v. Heyd, E.D.La.1968, 287 F.Supp. 716, wherein it was held that there was no federal constitutional right to bail pending appeal from conviction of a state criminal offense, aff'd 408 F.2d 7 (5 Cir. 1969) cert. den. 396 U.S. 895, 90 S. Ct. 192, 24 L.Ed.2d 172.

The State of Louisiana, immediately following the decision in Furman, supra, retained the classification of the offense of murder as a nonbailable offense because of the nature of the crime, irrespective of the fact that the death penalty was no longer constitutionally permissible. State v. Flood, 363 La. 700, 269 So.2d 212 (1972).

This same position has been adopted by Colorado, California, Mississippi. See 12 Cr.L. 2017, and Hudson v. McAdory, 268 So.2d 916 (Miss.1972).

■ This is a matter for determination by the State and the State has acted. Petitioner's contention that he is denied equal protection of the laws is not tenable. All prisoners charged with the offense of murder at the time charges were lodged against him were likewise not entitled to bail, except as provided in Article 1, Sec. 12 of the Louisiana Constitution and Article 313 of the Louisiana Code of Criminal Procedure. Petitioner steadfastly refuses to utilize the remedy provided by Louisiana to seek bail in a capital case. Were he to do so, the standards for determining whether or not the presumption of his guilt is great or the proof is evident might be definitively outlined by the courts of Louisiana. Having chosen the avenue of habeas corpus rather than proceeding under Louisiana Code of Criminal Procedure Article 313, he cannot now complain that his release was not ordered by the State Court.

For the foregoing reasons, petitioner's application for habeas corpus is hereby denied and it is so ordered.