JiMURRAY, Judge.
Gregory Dorsey was indicted for first degree murder on August 18, 1994. He pled not guilty, and filed a Motion to Quash the Bill of Indictment, which the trial court denied. Counsel for defendant then requested an evidentiary hearing on the motion to quash in order to question the murder victim’s daughter, who witnessed the murder and was a victim of rape and attempted murder, which constitute the aggravating circumstances. The court granted this motion, and ordered the State to produce its witness. After the State’s application for supervisory writs was denied by this Court, it applied to the Supreme Court, which granted the writs and vacated the judgment of the trial court ordering the State to present its witness for testimony. The Supreme Court also ordered the court to rule on the motion to quash.
Instead, the trial court, on its own motion, ordered a preliminary hearing, and ordered the State to produce its witness. This Court granted the State’s application for supervisory writs on the basis that the preliminary examination ordered was not in accordance with La.Code Crim. Proc. art. 296, which limits a preliminary examination after indictment to the perpetuation of testimony or fixing of bail.
This matter once again came before the trial court for ruling on the motion to quash.
1 2After reviewing the grand jury testimony in camera the court denied the motion to quash. Counsel for Mr. Dorsey then filed a Motion to Fix Bail pursuant to art. 296. The trial court set the hearing on this motion for February 16, 1995, and ordered the State to produce its witness (the rape victim) for the hearing. The State objected, announced its intention to seek supervisory writs, and requested a stay, which was denied. It then filed this application for writs of certiorari and prohibition.
La.Code Crim. Proc. art. 331 (prior to the 1993 revisions, art. 313) governs the application for bail in a capital case. It provides that a person charged with a capital offense shall not be admitted to bail if the proof is evident and . the presumption great that he is guilty of the capital offense. Once the defendant has been indicted the burden shifts from the State to the defendant to show that the proof of guilt is not evident nor the presumption great.
As the State points out in its writ application, the Motion to Fix Bail filed herein does not address any of the factors to be considered in setting bail enumerated in La.Code Crim. Proc. art. 334. In fact, the defendant has attested to his indigence, and is represented by the public defender’s office so that he is unlikely to be able to make bail if allowed.
It is evident from reading the transcript of the colloquy during the various hearings in this case that counsel for defendant wants to conduct discovery of the State’s witness, and this he cannot do. The Supreme Court has steadfastly refused to allow the preliminary examination after indictment to be used as a means to obtain discovery beyond that allowed by the discovery articles, La.Code of Crim.Proc. arts. 716-723. In State v. Nix, 259 La. 867, 253 So.2d 211 (1971) the Court ordered the trial court to hold a bail hearing, but limited the hearing to “... the introduction of affirmative evidence by relators tending to show that the proof of guilt is not evident nor the presumption great, and to the introduction of rebuttal evidence of the state. Discovery evidence shall not be received.” Id. Likewise, in *1206 State v. Dodds, 309 So.2d 682 (La.1975) the Court ordered a bail hearing, but recognized the trial judge’s discretion to prevent the hearing becoming a “fishing expedition for discovery.” Id. The Court most recently addressed this question in State v. Williams, 385 So.2d 214 (La.1980), and once again rejected the use of the preliminary examination as a discovery device, j ¾/d at 219.
Absent some affirmative showing of special or extraordinary circumstances, there can be no inquiry into the merits of an accused’s defense once he is indicted. State ex rel. Hunter v. Brewster, 35 La.Ann. 605 (1883). There has been no such showing in this case.
There is neither justification nor authority for subjecting the victim of a rape to the trauma of testimony through the guise of a bail hearing, particularly in a case where the defendant is unlikely to make bail.
The trial court’s order is vacated to the extent that it requires the State to produce the rape victim for the bail hearing.
The stay issued by this Court on February 13, 1995 is lifted.

WRIT OF CERTIORARI GRANTED; JUDGMENT VACATED IN PART; STAY LIFTED.