### JONES et al. v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. April 16, 1926.)

No. 2461.

1. Bail ⬤⟾44—Generally, in ordinary criminal case, accused is entitled to bail, after as well as before conviction, pending consideration of final hearing in appellate courts (Rev. St. § 1015 [Comp. St. § 1679]).

Generally, in ordinary criminal case, other than for capital offense, accused, after as well as before conviction, pending consideration of final hearing of case in appellate courts, is entitled to bail, in view of Rev. St. § 1015 (Comp. St. § 1679).

2. Bail ⬤⟾49—Failure to make motion for bail until three weeks before application for certiorari would be acted on, after affirmance of conviction nearly three months before, held failure to exercise proper diligence, and granting bail would not be proper exercise of judicial discretion (National Prohibition Act [Comp. St. Ann. Supp. 1923, § 10138¼ et seq.]).

Where defendants, after conviction for conspiracy to violate National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), had delayed making motion for bail until three weeks before application for certiorari to review judgment affirming conviction would be acted on, although conviction was affirmed nearly three months before, *held*, that there was lack of proper diligence, and that granting bail at such time would not be proper exercise of judicial discretion.

In Error to the District Court of the United States for the District of Maryland, at Baltimore; Morris A. Soper, Judge.

Neufield T. Jones and Winfield Jones were convicted of a conspiracy to violate the National Prohibition Act, and the conviction was affirmed. On defendants' motion for bail pending proceedings on application to Supreme Court for certiorari. Motion denied, without prejudice.

See, also, 11 F.(2d) 98.

Milton W. King, of Washington, D. C., for plaintiffs in error.

A. W. W. Woodcock, U. S. Atty., of Baltimore, Md.

Before WADDILL and PARKER, Circuit Judges, and COCHRAN, District Judge.

WADDILL, Circuit Judge. This case is now before the court upon a petition filed by the plaintiffs in error, on the 13th of April, 1926 (the first day of the present term), praying that they may be admitted to bail pending the proceedings and final action by the Supreme Court of the United States upon application for certiorari to this court. The facts upon which this motion is based, and incident to the making of the same, are substantially as follows:

The plaintiffs in error were sentenced on the 25th of September, 1925, to serve two years in the Atlanta Penitentiary on conviction for conspiracy to violate the provisions of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). On the 6th of October, 1925, a writ of error was duly allowed to review the judgment of conviction by this court; on the 14th of January, 1926, the case was heard in this court; and on the 3d of February, 1926, the judgment of the lower court was affirmed. 11 F.(2d) 98. At the time of granting the writ of error, on the 25th of September, 1925, bail was refused petitioners by the District Court; their counsel neither applied for a review of the action of the District Judge in refusing bail, nor subsequently renewed their application therefor; and, as a matter of fact, petitioners did not know, as they now aver, until comparatively recently, after they had secured other counsel, that they were entitled to, or could make, such renewed application for bail, with the result that petitioners have been confined in jail since the 25th of September, 1925.

Petitioners further aver that since the decision of February 3, 1926, they have employed new counsel, who has secured a transcript of the record in this court, caused the same to be printed, and is about to apply to the Su-

preme Court for a writ of certiorari to review the action of this court; that counsel is diligently engaged in the prosecution of the application for certiorari, and that the same must be filed on or before the 5th of May next; and that in the meantime this court has suspended its mandate until the 4th of May, 1926, to afford time to make application for certiorari. Petitioners aver that they make their application to be admitted to bail in good faith, and because they believe and are advised that their defense is well founded; that there are no reasons, in connection with themselves personally, or the character of their case, why they should be denied bail; and that they are able to, and will give reasonable bail, if permitted so to do by this court.

[1] We have nothing before us on this motion, or in this record, to show just why bail was refused in this case; hence, not until the presentation of the petition aforesaid, asking for bail, have we given consideration to that subject. Generally speaking, it may be said that, in an ordinary criminal case, other than for a capital offense, an accused, after as well as before conviction, and pending the consideration of the final hearing of his case in the appellate courts, is entitled to bail. There may be unusual cases, arising either from the nature of the offense, or the character of the defendant, that would warrant the court to hesitate in granting bail; but these are exceptional cases, and presumptively the right to bail exists, and ought to be granted an accused. Authorities to support this position might be cited almost without number.

The statute on the subject and the leading cases of Hudson v. Parker, 156 U. S. 277, 283, 15 S. Ct. 450, 39 L. Ed. 424, and McKnight v. United States, 113 F. 451, 452, 51 C. C. A. 285, make clear what the law is. "Bail shall be admitted upon all arrests in criminal cases where the offense is not punishable by death, and in such cases it may be taken by any of the persons authorized by the preceding section to arrest and imprison offenders." Section 1015, Revised Statutes (Comp. St. § 1679). In the first-named case, Mr. Justice Gray, of the Supreme Court, and in the last-named case, Judge Lurton, later of the Supreme Court, sitting on the Circuit Court of Appeals for the Sixth Circuit, in an opinion concurred in by Judges Severens and Day, the latter also later a Supreme Court Justice, definitely laid down the law on this question. Mr. Justice Gray, at page 285 of 156 U. S., supra (15 S. Ct. 453), said:

"The statutes of the United States have been framed upon the theory that a person accused of crime shall not, until he has been finally adjudged guilty in the court of last resort, be absolutely compelled to undergo imprisonment or punishment, but may be admitted to bail, not only after arrest and before trial, but after conviction and pending a writ of error. * * * [page 287 (15 S. Ct. 454)]. But, however it may be in a capital case, it is quite clear, in view of all the legislation on the subject of bail, that Congress must have intended that under the act of 1891 [Act of March 3, 1891, c. 517, § 5, 26 Stat. 826, 827], in cases of crimes not capital, and therefore bailable of right before conviction, bail might be taken, upon writ of error, by order of the proper court, justice, or judge. * * * Having the authority to order bail to be taken, the same justice might either himself approve the bail bond, or he might order that such a bond should be taken in an amount fixed by him, the form of the bond and the sufficiency of the sureties to be passed upon by the court whose judgment was to be reviewed, or by a judge of that court, or he might leave the whole matter of bail to be dealt with by such court or judge."

Mr. Justice Lurton, at page 453 of 113 F., supra (51 C. C. A. 287), said: "Detention pending the writ is only for the purpose of securing the attendance of the convicted person after the determination of his proceedings in error. If this can or will be done by requiring bail, there is no excuse for refusing or denying such relief."

After citing and quoting from Hudson v. Parker, supra, the opinion continues: "The fact that bail has been refused by the trial judge, though not conclusive, is a fact which would make it more seemly, in the absence of some great urgency, that further application should be made to the appellate court, which, by virtue of its appellate jurisdiction, may properly be called upon to make all proper orders for the custody of the defendant pending the hearing of his writ of error. We quite agree with the counsel for the government, that all presumption of innocence is gone after conviction, and that proceedings resorted to for the mere purpose of delay should be discouraged. We do not, however, deem it wise, or in harmony with the humane principles of our law, that proceedings to review alleged error committed upon the trial of a defendant should be so far discouraged as to altogether deny the right to bail in that class of cases deemed bailable before conviction. That it should be made the interest of defendants, after conviction, to speed the hearing in the appellate court, we quite agree, and all unnecessary delays, due to the con-

duct of the defendant seeking a review, may well be discouraged by allowing bail for a time only sufficient to insure the filing of the transcript in the Court of Appeals, reserving the question of further bail until lapse of the time thus fixed, when a new bond may be taken by the trial court on application to it, or by direction of the appellate court, for such time as the latter may prescribe. The District Court denied bail upon the ground that this was the third trial and third conviction upon the same indictment. We cannot regard this fact a sufficient ground for denying bail during the pending of a third writ of error."

To these decisions, and to another from Mr. Justice Butler, of the Supreme Court, in the case of United States v. Motlow et al., 10 F.(2d) 657, reference alone will be made. Mr. Justice Butler's opinion was rendered just two months ago, on the 16th of February, 1926, and will be found to contain an able and comprehensive review of the entire subject.

[2] In the case before us, upon the record, no reason appears why petitioners should not have been bailed, or should not now be admitted to bail, save for the delay that has occurred in applying therefor, and in seeking a review of the decision of this court. It does not appear to us that petitioners have exercised proper diligence in making their motion for bail, and certainly such as would warrant us, in the three weeks only that must elapse between now and the time that certiorari has to be asked for, in taking up and acting upon (in that interval) the motion in a case decided by us nearly three months ago. To grant bail, as sought by the motion, so near to the time at which action must be taken upon the application for certiorari, might result in embarrassment to the administration of justice in a way that we can not now necessarily foresee. If the certiorari is granted, or there should be undue delay in connection therewith, then, either in this court, or by one of its judges, or by order of the Supreme Court, or a Justice thereof, relief in the matter of bail could be readily afforded. To attempt to do so now, when so little time would be gained thereby, would, in our judgment, not be a prudent or wise exercise of our judicial discretion in the premises.

Action for the time being upon the petition for bail will be withheld, without prejudice to the granting of the same hereafter, either by this court or one of the judges thereof, should an emergency arise warranting the granting of the same.

Motion denied, without prejudice.