James P. DAMERON, Appellant,

v.

W. E. HARSON et al., Appellees.

No. 23433.

United States Court of Appeals
Fifth Circuit.

July 25, 1966.

J. Minos Simon, Lafayette, La., for appellant.

Bertrand DeBlanc, Frances Maguire Gilfoil, Lafayette, La., Nolan J. Edwards, Crowley, La., for appellees.

Before BROWN, BURGER,* and WISDOM, Circuit Judges.

PER CURIAM:

James P. Dameron, under indictment for murder and in the custody of the Sheriff of Lafayette Parish, Louisiana, filed this application for habeas corpus. In addition, he has prayed for injunctive relief against the Sheriff, the District Attorney of the Fifteenth Judicial District of Louisiana, and a Judge of the Fifteenth Judicial District Court, to restrain them from proceeding with his prosecution. The district court, after a hearing February 9, 1956, dismissed the application. Dameron appeals from the order of the district court.

The district judge's opinion thoroughly reviews the facts and the law relevant to the petitioner's contentions. We adopt that opinion as the opinion of this Court and affirm the judgment below. Dameron v. Harson et al., W.D.La.1966, 255 F.Supp. 533.

Allen W. ELLIOTT, Administrator of the Estate of Lloyd E. Elliott, deceased, Appellant,

v.

EDWARDS ENGINEERING CORP., a New Jersey corporation, White-Rodgers Co., a Missouri corporation, and Snodgrass & Smith Co., a partnership doing business in Colorado, Appellees.

No. 8287.

United States Court of Appeals
Tenth Circuit.

Aug. 31, 1966.

Jay L. Gueck, Denver, Colo., of Hindry, Erickson & Meyer, Denver, Colo., for appellant.

Thomas T. Crumpacker, Denver, Colo. (Eugene S. Hames, Denver, Colo., on the brief), for appellees.

Before MURRAH, Chief Judge, and PICKETT and HILL, Circuit Judges.

PER CURIAM.

The sole question presented by this appeal is whether at the time of the attempted service of summons on an employee of the appellee foreign corporation, it was doing business in the State of Colorado, hence amenable to the jurisdiction of the courts of that State.

Following applicable Colorado law, and distinguishing this case from Focht v. Southwestern Skyways, Inc., D.C., 220 F. Supp. 441, affm'd 10 Cir., 336 F.2d 603, the trial court held that the activities of the employee on which attempted service was made were quantitatively and qualitatively insufficient to meet the test of "minimum contacts" so as to constitute doing business in the state.

We affirm the judgment of the trial court for the reasons stated in its opinion. 257 F.Supp. 537.

* Of the District of Columbia Circuit, sitting by Designation.