ALLEN R. HUDSON *v.* SUPERINTENDENT,
ANNE ARUNDEL COUNTY DETENTION
CENTER

[No. 522, September Term, 1970.]

*Decided February 11, 1971.*

Before MURPHY, C.J., and ANDERSON, MORTON, ORTH, THOMPSON, MOYLAN, and POWERS, JJ.

MURPHY, C.J., delivered the opinion of the Court.

Appellant Hudson was arraigned in the People's Court for Anne Arundel County on a robbery charge on Oc-

tober 5, 1970. Bond was set by the presiding judge at $25,000. Unable to post the bond, Hudson was jailed pending trial. He promptly filed a petition for a writ of habeas corpus in the Circuit Court for Anne Arundel County, claiming that the bond was excessive and a denial of his constitutional rights under the 8th and 14th amendments to the federal constitution. The court denied the petition and Hudson entered his appeal to this court from that judgment. We hold that no right of appeal exists under the present state of the Maryland law from the denial of Hudson's habeas corpus petition. As some confusion now exists as to the extent of the right to appeal in habeas corpus matters, we think it advisable to review the Maryland law on the subject.

In *Bell v. State,* 4 Gill 301, 304 (1846), and *Annapolis v. Howard,* 80 Md. 244, 245 (1894), the Court of Appeals said:

> "* * * The writ of *habeas corpus,* although a most important and valuable remedy, and brings up the body of the party, with the grounds on which he has been deprived of his liberty, for the examination of the Court, is a proceeding summary in its character, addressed to the discretion of the Judge or tribunal to whom the application is made, so far as the discharge of the party is concerned; a proceeding where, in many cases, the evidence upon which the judgment is founded, cannot be presented to the Appellate Court, and is not final and conclusive upon the party applying for the writ, as he may prefer a similar application to any other Judge or Court of the State. An order, therefore, dismissing such a petition, has none of the characteristics of these judgments, which have been regarded by this Court as proper subjects for an appeal."

The first exception to the rule of non-appealability in habeas corpus cases was made by Chapter 6 of the Acts

of 1880, now codified as Maryland Code, Article 42, Section 19. By that statute, an appellate court ruling was not only authorized but required in all cases where a *nisi prius* judge released or discharged a person under a writ of habeas corpus who was charged with violation of the provisions of any Act of the Legislature upon the ground that such Act violated either the federal or State constitutions. *See Petition of Jones,* 179 Md. 240; *Quenstedt v. Wilson,* 173 Md. 11; Maryland Rule Z56.

By Chapter 702 of the Acts of 1945, codified as Article 42, Section 6 of the Code, the Legislature made provision for a broad right of appeal to the Court of Appeals of Maryland in habeas corpus cases. Under this statute, either the petitioner or the State was authorized to appeal when "aggrieved by the order of the judge in refusing to issue a writ of habeas corpus, or in discharging or remanding the person seeking said writ." [1]

By Chapter 44 of the Acts of 1958, the Post Conviction Procedure Act was enacted in Maryland. That Act, in general, authorized any person convicted of a crime and incarcerated under sentence of death or imprisonment, including a person confined as a defective delinquent under Article 31B of the Code, to collaterally attack his judgment of conviction in an effort to set it aside or correct the sentence imposed upon him. By its express terms, the Act provided that no appeal to the Court of Appeals of Maryland would thereafter be permitted in habeas corpus cases challenging the validity of incarceration under judgment of conviction for a crime. The Legislature left no doubt as to its intention so to restrict the right of appeal in habeas corpus cases when, by Chapter 45 of the Acts of 1958, it repealed Section 6 of Article 42 of the Code. *See Brady v. State,* 222 Md. 442.

By Chapter 610 of the Acts of 1963, codified as Code, Article 41, Section 25, it was provided that in cases where

---

1. By Chapter 625 of the Acts of 1947, the Legislature took away the absolute right to appeal in habeas corpus cases and substituted therefor a right to file an application for "leave to prosecute an appeal" in such cases.

"the application for a writ of habeas corpus after an extradition hearing only, is denied by the trial court, the denial may be appealed to the Court of Appeals."

It is thus clear that prior to 1965 no right of appeal existed in habeas corpus cases except in two narrow instances, *viz.*, (1) where a habeas corpus petitioner was released for unconstitutionality of a State statute under which he was charged and (2) in extradition cases. In 1965, however, the waters were muddied somewhat when the Legislature substantially revised and amended the Post Conviction Procedure Act. See Chapter 442 of the Acts of 1965, codified as Maryland Code (1967 Repl. Vol.), Article 27, Section 645A. While the Act, as amended, continued the former express prohibition against appeals in habeas corpus cases which involved challenge to the validity of incarceration under judgment of conviction in a criminal case, the following new language was added (Section 645A(e)):

> "* * * nothing in this subtitle shall operate to bar an appeal to the Court of Appeals (1) in a habeas corpus proceeding instituted under Section 25 of Article 41 of this Code [involving extradition] or (2) in any other proceeding in which a writ of habeas corpus is sought for any purpose other than to challenge the legality of a conviction of a crime or sentence of death or imprisonment therefor, including confinement as a result of a proceeding under Article 31B of this Code."

In *State v. Musgrove,* 241 Md. 521, decided in 1966, the Court of Appeals held at page 527 that the effect of this new language in the Post Conviction Procedure Act was "to allow appeals in habeas corpus proceedings involving extradition and constitutional rights." The court's holding was cast against this background: Musgrove was confined at Patuxent Institution, awaiting examination for possible defective delinquency under Article 31B of the Code. He refused to submit to such an examination and

none was made within the period of time permitted by statute. After his criminal sentence expired, Musgrove filed a petition for a writ of habeas corpus, claiming that he was illegally incarcerated at Patuxent. The court granted the petition and the State appealed. The court held that one effect of the 1965 amendment to the Post Conviction Procedure Act was to "bar appeals in a case such as this where the purpose was to challenge the legality of the release of a person from confinement in Patuxent * * * [it being] certain that neither a patient nor the State has a right to appeal from an adverse decision in a habeas corpus proceeding." (pp. 527-528)

While it would appear that the court in *Musgrove* viewed the 1965 amendment as simply confirming the existence of the two statutory exceptions to the general rule of non-appealability in habeas corpus cases,[2] the United States District Court for the District of Maryland held otherwise in *Hayes v. Director,* decided in 1967, but unreported. In that case Hayes was convicted in a state court and appealed. Claiming that the appeal bond fixed by the court was constitutionally excessive, he filed petitions for writs of habeas corpus in both the State and federal courts. The District Court, in denying the petition, found that Hayes had not exhausted his State remedies by appealing to the Court of Appeals from the denial of his State habeas petition. It concluded that the quoted language in the 1965 amendment to the Post Conviction Procedure Act had the affirmative effect of authorizing appeals in habeas corpus cases in those instances where the purpose of the petition was other than to challenge the legality of a conviction. The court said:

> "* * * The purpose of a state habeas corpus petition filed by him would not be to challenge his conviction (a challenge which he is making by direct appeal) but rather would be to raise the issue of excessive bail. Accordingly, if such a habeas corpus petition were dismissed by the

---

2. Article 41, Section 25; Article 42, Section 19.

lower court, petitioner would not be barred by section 645A(c) from seeking relief from the Court of Appeals of Maryland.

\* \* \*

"Therefore, petitioner must raise the issue of excessive bail in the state courts by way of a state habeas corpus petition. If he is denied relief by the lower state court, he must then appeal to the Court of Appeals of Maryland. Only when that court has spoken will petitioner have exhausted his state remedies. Petitioner is specifically advised that failure to follow this procedure will be viewed by this court as a knowing and intentional relinquishment of the right thereafter to seek federal habeas corpus relief on the ground of alleged excessive bail."

In *Whiteley v. Warden,* 258 Md. 634, decided in 1970, the Court of Appeals entertained an appeal in a habeas corpus case from the denial of bail after conviction, pending disposition of an appeal. No question of the court's jurisdiction to consider the appeal was raised in that case and the court decided the issue on the ground that in denying bail the trial judge had not abused the discretion vested in him under Maryland Rule 777b. The holding in *Hayes* was not mentioned.

We think it manifest that the Legislature did not intend by its 1965 amendment to the Post Conviction Procedure Act (Section 645A of Article 27) to reinstate the broad right of appeal once existing in habeas corpus cases under the repealed provisions of Section 6 of Article 42. On the contrary, we think it plain that the Legislature, recognizing that it had provided in the Act that habeas corpus appeals would no longer be permitted to challenge the validity of incarceration under judgment of conviction for a crime, simply intended to leave no doubt of its intention to preserve the existing narrow right of appeal in habeas corpus cases under Article 41, Section 25 (Extradition) and Article 42, Section 19 (Discharge from

custody for unconstitutionality of the statute under which the petitioner was charged). It was to accomplish this obvious end that the Act provided that "nothing in this subtitle shall operate to *bar* an appeal" in such cases. No rational basis can be found, in our judgment, by which to translate such negative statutory terminology into an affirmative grant of the right to appeal generally in habeas corpus cases, as found by the District Court in *Hayes*. Accordingly, we reject the holding in that case. By stating in *Musgrove* that the effect of the 1965 amendment to the Post Conviction Procedure Act "was to allow appeals in habeas corpus proceedings involving extradition and constitutional rights," we believe the "constitutional rights" referred to by the Court of Appeals were such as might be implicated under Section 19 of Article 42, and not otherwise.

We thus hold that Hudson has no right of appeal from the denial of his habeas corpus petition in which he claims denial of his constitutional right to bail or that the amount of his bail was constitutionally excessive. Our jurisdiction in habeas corpus appeals being the same as that formerly vested in the Court of Appeals, see Chapter 99 of the Acts of 1970, we conclude that the appeal is not authorized by law and must be dismissed.

*Appeal dismissed.*