Arthur TURCO

v.

**STATE OF MARYLAND** and Warden,
Baltimore City Jail.

Civ. A. No. 70–1464–M.

United States District Court,
D. Maryland.

March 3, 1971.

---

William M. Kunstler, New York City, and Harold Buchman, Baltimore, Md., for petitioner.

Francis B. Burch, Atty. Gen., and Alfred J. O'Ferrall, III and Donald R. Stutman, Asst. Attys. Gen., Maryland, for State of Maryland, and Hilary D. Caplan, Asst. State's Atty., of Baltimore City, Baltimore, Md., for Warden, Baltimore City Jail.

MILLER, District Judge.

Represented by privately retained counsel, Arthur Turco has filed a petition for habeas corpus relief in this Court under 28 U.S.C.A. § 2254 and, in the alternative, for removal of a pending criminal prosecution from the Criminal Court of Baltimore to this Court under the provisions of 28 U.S.C.A. § 1443. The petitioner is now confined in the Baltimore City Jail awaiting trial in the Criminal Court of Baltimore, under a six-count indictment issued about May 1, 1970, charging, *inter alia*, conspiracy to murder, assault with intent to murder, solicitation to murder, solicitation to kidnap, and accessory to murder.

The petition alleges, under oath, that the petitioner is being held without bail, and that on or about December 24, 1970, Judge Paul A. Dorf of the Criminal Court of Baltimore City, after hearing, denied a petition for a writ of habeas corpus filed therein for the purpose of attempting to have bail set pending trial.

The petition and affidavit filed in this Court further allege, in pertinent part, that petitioner was arrested in Canada on or about October 15, 1970, in a drag-net roundup of members of the Front Liberation de Quebec (F.L.Q.) and that he waived extradition to the State of Maryland in connection with the afore-said indictment in the Criminal Court of Baltimore in reliance upon an alleged assurance by the State's Attorney of Baltimore City in a telephone conversation with the petitioner on or about November 23, 1970, that " * * * it would be possible to arrange for the setting of bail by agreement." Petitioner further alleges that he was advised by his Canadian counsel that he had good grounds upon which to resist extradition from Canada and that, in a companion deportation proceeding, he agreed to a voluntary departure from Canada rather than to resist deportation. The petition further alleges, in pertinent part, that from July 1, 1970, to date (*i. e.*, December 28, 1970) bail was allowed in seven (7) capital cases in Baltimore City without habeas corpus and in thirteen (13) capital cases in Baltimore City after habeas corpus. He further alleges that he is a college graduate, is a practicing attorney in good standing, is a member of the bar of the State of New York, is married to a resident of Baltimore City, and has never been convicted of a crime. He further alleges that a local bondsman from Baltimore City has agreed to accept certain property owned by the petitioner's parents in Fort Washington, New York, as collateral security for writing a bond should bail be set for him. The petitioner further alleges that, at the aforesaid bail hearing before Judge Dorf it was stated [by whom is not clear] that the only evidence of substance against the petitioner are some remarks attributed to him by certain paid informers of the state and that while statements by certain of these informers were given to the Baltimore City police authorities in January of 1970, regarding the crimes of which the petitioner stands charged, warrants of arrest were not issued until approximately three or four months later and shortly following a visit by the Governor of Maryland to the Baltimore City Police Commissioner. The petition further alleges that Judge Dorf relied exclusively on the case of Fischer v. Ball, Sheriff, 212 Md. 517, 129 A.2d 822 (1957), in de-

nying bail, and that therein the Court of Appeals of Maryland held in essence, " * * * in a capital case, an indictment creates a 'presumption of guilt' which the defendant must rebut in order to obtain bail, which was held to be discretionary in such cases." Without attempting to pursue any other state remedies, the petitioner filed the present petition in this Court alleging that the action of Judge Dorf, in denying him bail pending trial, has denied him due process of law and equal protection of the laws and that, further, said action has made it impossible for him to have a fair trial in the state courts.

On January 5, 1971, this Court held a hearing, limited to the sole issue of whether the petitioner had sufficiently exhausted his state remedies to entitle him to a hearing on the merits of his petition for a writ of habeas corpus. Having determined that Maryland has provided no right of appeal in the state courts from a denial of a petition for a writ of habeas corpus contesting excessive bail or the denial of bail (see Hudson v. Superintendent, 11 Md.App. 253, 273 A.2d 470 [decided February 11, 1971]), this Court held that petitioner had indeed exhausted his state remedies and conducted a hearing on the merits of the petition on February 5, 1971.

### I

*Petitioner's Right to Bail Relief under 28 U.S.C.A. § 2254*

█ It is established that federal courts have the power, in the exercise of their habeas corpus jurisdiction, to review the actions of state courts in denying or fixing bail when it is alleged that the state court action violates applicable provisions of the Constitution. In re Shuttlesworth, 369 U.S. 35, 82 S.Ct. 551, 7 L.Ed.2d 548 (1962); Brown v. Fogel, 387 F.2d 692 (4th Cir. 1967), cert. den., 390 U.S. 1045, 88 S.Ct. 1647, 20 L.Ed.2d 307 (1968); Dameron v. Harson, 364 F.2d 991 (5th Cir. 1966), aff'g on opinion below, 255 F.Supp. 533 (W.D.La. 1966); Mastrian v. Hedman, 326 F.2d 708 (8th Cir. 1964), cert. den., 376 U.S. 965, 84 S.Ct. 1128, 11 L.Ed.2d 982 (1964).

█ Although the Supreme Court has not spoken directly on the question, it has been held that the prohibition of the Eighth Amendment against requiring excessive bail applies to the states under the Fourteenth Amendment. Pilkinton v. Circuit Court of Howell County, Missouri, 324 F.2d 45 (8th Cir. 1963); Mastrian v. Hedman, *supra*. The Court in Mastrian v. Hedman, *id.*, 326 F.2d at 710, stated, however, as follows:

"Neither the Eighth Amendment nor the Fourteenth Amendment requires that everyone charged with a state offense must be given his liberty on bail pending trial. While it is inherent in our American concept of liberty that right to bail shall generally exist, this has never been held to mean that a state must make every criminal offense subject to such a right or that the right provided as to offenses made subject to bail must be so administered that every accused will always be able to secure his liberty pending trial."

In 1952, the Supreme Court, in reviewing a federal statute authorizing the Attorney General to hold alien communists under deportation charges without bail, stated that the Eighth Amendment does not require that bail be allowed in every criminal prosecution. Carlson v. Landon, 342 U.S. 524, 545–546, 72 S.Ct. 525, 96 L.Ed. 547 (1952).

It should be noted that the Eighth Amendment has never been considered to prevent Congress from classifying criminal cases into those in which an accused is entitled to bail as a matter of right and those in which the allowance of bail is a discretionary matter. Carlson v. Landon, *id.*; United States v. Egorov, 319 F.2d 817 (2d Cir. 1963), cert. den., 375 U.S. 926, 84 S.Ct. 329, 11 L.Ed.2d 261 (1963); cf., F.R.Crim.P. Rule 46(a) (1).

If the federal government is not proscribed by the Eighth Amendment from

denying bail in certain types of cases, neither is the State of Maryland prohibited from following a rule classifying types of criminal cases into those in which bail is allowed as a matter of right and those in which it is allowed as a matter of discretion. Mastrian v. Hedman, *supra*; Dameron v. Harson, 255 F.Supp. 533 (W.D.La.1966), aff'd, 364 F.2d 991 (5th Cir. 1966).

Effective January 1, 1962, the Maryland Court of Appeals adopted Rule 777 a of the Maryland Rules of Procedure. That rule provides as follows:

"a. *Prior To Conviction.*

"Prior to conviction an accused who is charged with an offense the maximum punishment for which is other than capital shall be entitled to be admitted to bail. In a capital case the accused may be admitted to bail in the discretion of the court."

Still in effect, that rule has the force of law and was adopted under the authority of Article IV § 18A of the Maryland Constitution.[1] At the present time, therefore, Maryland is in the posture of having a rule of procedure, with the force of a statute, which classifies types of criminal cases into those in which bail is allowed as a matter of right and those in which it is allowed as a matter of discretion. At the time of the decision in Fischer v. Ball, 212 Md. 517, 129 A.2d 822 (1957), however, Maryland had no constitutional or statutory provisions relating to the fixing of bail in capital cases before trial. Consequently, the Maryland Court of Appeals in that case was required to reach a decision based upon its determination of the state of the common law, which, under Article 5

of the Maryland Declaration of Rights, was incorporated into the law of Maryland as of July 4, 1776. *Id.* at 522–523, 129 A.2d 822. The Maryland court in Fischer v. Ball stated that the English common law, then still in force in Maryland as a result of the lack of any constitutional or statutory enactments changing the same in reference to bail, made bail discretionary in capital cases. The court went on at page 524, 129 A.2d at page 826, "the question then becomes one of the proper exercise of that discretionary power, and the fact of the indictment for a capital offense has a significant bearing thereon." The court then held that there was no abuse of discretion in denying bail under the facts of that case where the grand jury had indicted the defendant for a capital crime and the defendant presented no evidence relating to or contradicting the allegation of the indictment.

A careful reading and analysis of Fischer v. Ball brings to mind the lines from *H.M.S. Pinafore*:

"Things are seldom what they seem
   Skim milk masquerades as cream".[2]
The "discretion" which the court there found existed under common law was not a discretionary right to allow bail in a capital case after a consideration of *all* the circumstances such as the type of crime charged, the evidence of *prima facie* guilt of the defendant, the atmosphere and conditions surrounding the commission of the alleged offense, facts relating to the probability that the defendant would appear at the trial, and facts relating to the possible danger the defendant might represent to the community. To the contrary, the "discre-

---

1. It is assumed that the statement in Wilson v. State, 227 Md. 99 (1961), at 101, 175 A.2d 775, indicating that another section of the Rules of Procedure relating to criminal causes was adopted under Article IV § 18 of the Maryland Constitution, is a typographical error. Section 18 relates only to rules for the prosecution of appeals in the Court of Appeals and for practice in courts of equity. Section 18A, on the other hand, is not so limited and states that the Court of Appeals

" * * * from time to time shall make rules and regulations to regulate and revise the practice and procedure in that Court and in the other courts in this State, which shall have the force of law until rescinded, changed or modified by the Court of Appeals or otherwise by law."

2. Gilbert and Sullivan, H.M.S. Pinafore, Act ii.

tion" to which the court referred was the discretionary power which the court found was lodged in the *nisi prius* judge to determine whether the proof of the defendant's guilt of a capital crime was evident or the presumption of his guilt of a capital crime was great. Although the court in Fischer v. Ball did not categorically so state, it was implicit in its decision that it determined that bail was not allowed at common law where the proof was evident or the presumption great that a capital crime had been committed by the defendant. For this reason the court, on pages 524 and 525 of its reported opinion, 129 A.2d 822, apparently viewed evidence that the defendant was a good bail risk as irrelevant at that stage of the proceeding since such evidence did not go to the question of the facts upon which the indictment was based. Consistent with its theory, the court indicated at page 525, 129 A.2d 822 that the trial judge in the exercise of his discretion could have required the state at the bail hearing to produce affirmative evidence of the alleged capital crime and the defendant's connection with it. Also consistently the court held that the trial judge, in the exercise of his discretion, properly relied upon the indictment alone as sufficient *prima facie* proof of guilt to require the defendant to go forward with evidence disputing the fact that a capital crime had been committed or that he had committed it. Briefly restated, therefore, Fischer v. Ball stands for the proposition that the determination of what evidence in any particular case establishes "the proof is evident or the presumption great" is for the sound discretion of the judge hearing the application for bail in a capital case and that the indictment alone, if no rebutting evidence relating to the facts on which the indictment is based is offered by the defendant, may provide sufficient basis for the judge in the exercise of his discretion to determine that "proof is evident and presumption great."

Bail in a capital case in Maryland, under the doctrine of Fischer v. Ball, consequently could involve a two-step process. The first step would be the determination by a court as to whether the evidence in the exercise of its discretion showed such a *prima facie* case against the defendant to justify the denial of bail. If the court determined it did not, the second step would then be the establishment of the amount and form which the bail would take at which time the evidence sought to be introduced by the defendant in Fischer v. Ball relative to his being a good bail risk would be relevant.

As previously noted, Fischer v. Ball was decided prior to the adoption of Maryland Rule 777 a. The fact that a rule now exists relating to bail in capital cases could considerably change the milieu in which such bail questions are to be decided in the state courts. The determination of bail questions in capital cases in Maryland no longer rests upon the Fischer v. Ball interpretation of common law as it existed in 1776 but rests instead upon Maryland Rule 777 a.

In determining the meaning of Rule 777 a, the federal court is bound by its interpretation by the highest state court. Spry v. Boles, 299 F.2d 332 (4th Cir. 1962); Johnson v. Tucker, 249 F.2d 650 (4th Cir. 1957). This Court has found no case in which the Maryland Court of Appeals has made such an interpretation concerning a capital case. Therefore, this Court will interpret the Maryland Rule in the manner which it believes it would be interpreted by the Court of Appeals of Maryland.

There are two reasonably possible interpretations of Rule 777 a. The first is an interpretation that would, in effect, change the law of Fischer v. Ball. Such an interpretation would hold that the rule is to be construed literally and without qualifying the area within which the discretion of the court may be exercised to anything less than a totality of all of the circumstances. Such an interpretation would allow the court, in determining whether or not to set bail in a capital case as opposed to determin-

ing the amount of bail once it is decided that bail will be allowed, to consider, among other things, the seriousness of the alleged offense, the evidence linking the defendant to the alleged offense, the character and reputation of the accused, facts relating to the possible danger which the accused might represent to the community, and the probability that the accused would appear at the trial.

The other construction of Rule 777 a which is possible is one in which the meaning of the words " * * * in the discretion of the court," as used in the rule, is the same as those words were considered to have by the Maryland Court of Appeals in Fischer v. Ball. That meaning has heretofore been set forth.

█ The function of the federal court in a case of this type is to make an independent appraisal to determine whether or not the state court, in setting the amount of bail or in denying bail altogether, acted so arbitrarily in the administration of the bail right provided by the state as to constitute a violation of due process or acted in such a discriminatory fashion against the petitioner as to constitute a violation of equal protection. Mastrian v. Hedman, *supra*, 326 F.2d 711. Erroneous application of state law by a state court in reference to bail would not necessarily be a violation of federal constitutional rights requiring federal habeas corpus relief to be granted. Corbett v. Patterson, 272 F.Supp. 602, 608 (D.Colo.1967). The federal court is not entitled to substitute its judgment for that of the state court in any bail matter in which judgments could rationally differ in relation to the apparent elements involved in the situation. Mastrian v. Hedman, *supra*.

█ Assuming that the proper interpretation of Rule 777 a is that it allows the court to consider all circumstances in the exercise of its discretion in determining whether to admit an accused to bail in a capital case, an examination of the transcript of the bail hearing in the state court, as well as the opinion of the state court on the matter, does not disclose any violation of federal constitutional rights of the petitioner. There was evidence before Judge Dorf that the petitioner was under indictment for several alleged crimes [3] which are capital offenses; that subsequent to the issuance of the indictments the petitioner entered Canada a few days thereafter under the false name of Leon Wright; [4] that his friend and attorney, Allen Steven Weisser, who was an attorney representing the petitioner in connection with a criminal charge pending in the State of New York, was unaware that the petitioner had gone to Canada until he read about it in the newspapers; that the petitioner was arrested in Canada under the assumed name of Leon Wright; and that no effort was made by the petitioner to return to Maryland to answer the charges of the indictments until he was already in custody in Canada. Judge Dorf, in his opinion, stated, without relying exclusively on the doctrine of Fischer v. Ball, that he would consider whether " * * * on all the circumstances the petition in this case is a decent risk to return to stand trial in the State of Maryland." After reciting the above facts, Judge Dorf found that the petitioner was not a good bail risk

---

3. The petitioner is charged in a six-count indictment with (1) being an accessory before the fact of the murder of Eugene Leroy Anderson; (2) being a part of a conspiracy to murder said Anderson; (3) making an assault with intent to murder the said Anderson; (4) making a simple assault upon the said Anderson; (5) soliciting others to murder the said Anderson; and (6) solicitation of others to kidnap the said Anderson. Of these counts of the indictment it is apparent that at least the first and second counts so enumerated charge an offense punishable by death. Article 27, Annotated Code of Maryland (1971 Replacement Volume), §§ 407 and 413 as to being an accessory before the fact of murder and §§ 407, 413, and 38 as to conspiracy to murder.

4. See State Exhibit 3 before the state court.

in view of his apparent flight to Canada under an assumed name and his failure to make any attempt to return to Maryland until after he was in custody of the Canadian officials. Given the aforesaid assumed meaning of Rule 777 a, such action by Judge Dorf did not violate any federal constitutional rights of the petitioner. Mastrian v. Hedman, *supra*; United States ex rel. Covington v. Coparo, 297 F.Supp. 203 (S.D.N.Y.1969).

Assuming, on the other hand, that Rule 777 a is merely a restatement of Fischer v. Ball, this Court is of the opinion that the application of the Fischer v. Ball doctrine does not violate any federal constitutional rights of the petitioner. As pointed out earlier, the State of Maryland is not prohibited by the Federal Constitution from denying bail in a capital case in which the proof of the accused's guilt is evident or the presumption of guilt is great. The difficulty arises in the determination of the standard by which it is established that the proof is evident or the presumption great. Fischer v. Ball states that the court in the exercise of its discretion may rely solely upon the indictment in a capital case to establish *prima facie* the accused's guilt if the accused produces no evidence tending to contradict or dispute the allegation that a capital crime was in fact committed by him. While it is true that for most purposes an indictment is only an accusation and cannot even raise a suspicion of guilt, United States v. Glaziou, 402 F.2d 8 (2d Cir. 1968), cert. den., 393 U.S. 1121, 89 S.Ct. 999, 22 L.Ed.2d 126 (1969); Blauner v. United States, 293 F.2d 723 (8th Cir. 1961), cert. den., 368 U.S. 931, 82 S.Ct. 368, 7 L.Ed.2d 193 (1961), an indictment obviously imposes certain affirmative burdens upon an accused. He must, for example, make himself available to the court for an arraignment and for the trial itself. Since the state is not required under the Federal Constitution to grant bail in any capital case, the state may reasonably impose conditions upon a defendant who seeks bail in a case in which he is charged with a capital crime. Fischer v. Ball requires a defendant seeking bail in a capital case to produce facts and circumstances tending to dispute the allegations of the indictment if required to do so by the judge hearing the bail matter in the exercise of his discretion. This requirement has been held to be reasonable and not to violate the Federal Constitution. Dameron v. Harson, 364 F.2d 991 (5th Cir. 1966), aff'g on opinion below, 255 F. Supp. 533 (W.D.La.1966); McCarroll v. Faust, 278 F.Supp. 448 (E.D.La.1968). No federal cases have been found which hold to the contrary.

Even assuming, however, the unconstitutionality of the Fischer v. Ball doctrine, this Court does not believe the petitioner to be entitled to habeas corpus relief under the facts of this case. Testimony was taken in this Court on February 5, 1971, at which time one Mahomney Kassim Kebbe testified. Kebbe stated, among other things, that on or about July 11, 1969, the petitioner was present at the Baltimore City headquarters of the Black Panther Party where one Eugene Anderson was being held prisoner; that Kebbe and the petitioner had participated in a brutal assault on Anderson within the previous twenty-four (24) hours at the said headquarters; that the petitioner told Kebbe and others at the headquarters that they would have to "get rid" of Anderson and that everyone there would have to be quiet " * * * because otherwise everybody would be charged with conspiracy"; and that Kebbe understood the petitioner's words to mean that Anderson was to be killed because the petitioner alleged that Anderson was an informer on the activities of the Black Panther Party. The victim alleged by the state in the indictment is the Eugene Anderson referred to by Kebbe in his testimony before this Court and in a statement, dated January 20, 1970, a copy of which was introduced in evidence before this Court as Petitioner's Exhibit No. 3. Although at a trial on the merits of the indictment the testimony of Kebbe alone might not be sufficient to convince the

trier of fact beyond a reasonable doubt of the guilt of the petitioner as to any or all counts of the indictment against him, it is sufficient to establish "proof evident or presumption great" of the defendant's guilt of a capital crime for bail purposes. It would be completely unrealistic to hold that the quantum and quality of evidence necessary to establish "proof evident or presumption great" for bail purposes is the same as that which would convince a trier of fact beyond a reasonable doubt of the accused's guilt at a trial on the merits. If such were the case, there would need be no trial on the merits in any case in which bail was granted. Such a standard would completely nullify the state's right to classify crimes into those which are bailable and those which are not bailable.

This Court has not ignored the allegations of the petitioner that bail has been allowed in other capital cases in Baltimore City. No attempt, however, was made by the petitioner to show the facts or circumstances of any of those cases. This Court will not assume that the state courts have denied equal protection of the laws.

Neither has this Court ignored the allegations that the petitioner voluntarily returned to Maryland upon an implied promise of bail. Assuming that such fact, if proved, would justify this Court's affirmative action, the evidence does not sustain the allegation. The petitioner, the evidence shows, was not promised bail but that the Assistant State's Attorney, Hilary Caplan, would consider a recommendation of bail to the court if Turco showed good faith. Turco's return to Maryland was something less than strictly voluntary since he was then, the evidence shows, being subjected to extradition and deporation proceedings in Canada. Turco merely elected not to contest his extradition.

For the above reasons, the petition for habeas corpus relief under 28 U.S.C.A. § 2254 is denied.

II

*Petitioner's Right to Removal under 28 U.S.C.A. § 1443*

As was stated in Greenwood v. Peacock, 384 U.S. 808 at 828, 86 S.Ct. 1800 at 1812, 16 L.Ed.2d 944;

"The civil rights removal statute does not require and does not permit the judges of the federal courts to put their brethren of the state judiciary on trial. Under § 1443(1), vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court."

Judge Kaufman of this Court pointed out in an exhaustive opinion in State of Maryland v. Brown, 295 F.Supp. 63 (D. Md.1969), that the tests for removal as set out in *Peacock* and *Rachel* (Georgia v. Rachel, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966)), require that the type of right asserted by a person seeking removal to a federal court must be a racially oriented right and that there must be clear and convincing evidence to demonstrate a basis for a firm prediction of inability to enforce that right in the state court. No allegations of the petition herein would, even if proved, meet the tests. Accordingly, the petition for removal under 28 U.S.C.A. § 1443 is denied.

This order denying relief under 28 U.S.C.A. § 2254 and 28 U.S.C.A. § 1443 is entered this 3rd day of March, 1971.