PATRICIA ANN BIGLEY AND TYRONE EARL
FLEMING *v.* WARDEN, MARYLAND COR-
RECTIONAL INSTITUTION FOR
WOMEN ET AL.

[Misc. No. 12, September Term, 1972.]

*Decided August 4, 1972.*

2

Before ORTH, MOYLAN and GILBERT, JJ.

No appearance or argument by counsel for applicants.

No appearance or argument by counsel for respondents.

GILBERT, J., delivered the opinion of the Court.

The sole question presented by this case is the refusal of the trial court to release on bail, after conviction, two persons who had noted appeals to this Court.

Patricia Ann Bigley and Tyrone Earl Fleming, applicants, were both convicted in the Circuit Court for Baltimore County on May 16, 1972, of two violations of the narcotic laws of this State. Each was sentenced to a total of six years imprisonment by Judge Kenneth C. Proctor. Immediately following the sentencing, counsel for Bigley and Fleming requested the trial judge to "consider setting an appeal bond." The request was denied. Subsequently, on June 1, 1972, an "application for bail" on behalf of applicants was heard, considered, and denied by Judge Proctor. Thereafter, applicants sought relief in the Court of Appeals of Maryland from the denial of bail. That Court, on June 30, 1972, dismissed the application, stating:

> "* * * [T]he motion to dismiss of the State of Maryland * * * is hereby, granted, without prejudice * * * to [applicants] to reapply for a writ of habeas corpus directed to the granting of bail by the Circuit Court for Baltimore County and, in the event of further denial of bail, to apply immediately to the Court of Special Appeals for leave to appeal from the refusal of such relief as provided in Article 42, Section 20 of the Maryland Code, as added by Chapter 392 of the Laws of 1972, * * *."

In accordance with the Order of the Court of Appeals the matter was again heard before Judge Proctor on July 5, 1972, who filed a written opinion which states in part:

> "These two [applicants] have no real roots in this State. In the past several years, they have spent a great portion of their time in California and traveling back and forth between Maryland and California. The Federal Bureau of Investigation and the Maryland State Police both have substantial books on these [applicants] indicating that they are heavily involved in the drug traffic. As a matter of fact, since the imposition of sentence, new indictments have been filed against each of these [applicants]." [1]

Bail was again denied. An application for leave to appeal was expeditiously filed with this Court.

Ch. 392, § 1, [1972] Md. Laws [2] provides:

> "A person who has sought habeas corpus relief either from the refusal of a judge to admit him to bail or from the judge's determination requiring an allegedly excessive bail, either prior to trial or at any time following conviction, but prior to final judgment, may apply to the

---

1. Art. 27, § 616½, Md. Ann. Code, (1971 Repl. Vol.), *as amended,* (Supp., 1971) sets forth the legislative intent relative to refusal of bail to a person charged with certain offenses committed while free on bail. The General Assembly has stated that such persons shall be denied bail or released on recognizance "* * * until such time as all prior charges * * * have finally been determined by the courts." An exception to this is that an accused "* * * may rebut his ineligibility for release on bail or recognizance before determination of the prior charge." If the court is persuaded by the rebuttal that the applicant for bail "* * * would not pose a danger to any other person or to the community, and would appear at the time of trial, the court may allow release pending trial on suitable bail or recognizance * * *." Among the offenses to which § 616½ is specifically made applicable is Md. Ann. Code art. 27, § 286 pertaining to controlled dangerous substances, including "* * * the keeping of a common nuisance as related to drug abuse * * *."

Thus, the intent of the legislature is clear that the court may consider untried charges when § 616½ is relevant. It would seem to follow that if the court can consider untried charges committed while on bail, it should be able to consider after a conviction any untried charges whether committed before or after the initial bail.

2. Ch. 392, § 1, [1972] Md. Laws, is codified as Md. Ann. Code art. 42, § 20, effective July 1, 1972.

Court of Special Appeals for leave to appeal from the refusal by such judge to issue the writ of habeas corpus applied for or to grant the relief sought in the writ. An application for leave to appeal shall be filed within ten days of the denial or grant of habeas corpus relief, and shall contain a brief statement of the reasons why the order of the lower court should be reversed or modified. The record on the application for leave to appeal shall contain a copy of the habeas corpus petition, any answer thereto filed by the State, the order of the court, and any memorandum of reasons issued by the judge. The application shall [not] include a transcript of any proceedings conducted incident to the habeas corpus petition unless the application for leave to appeal is granted, in which event the court may order the preparation of a transcript of any proceedings related thereto. The Court of Special Appeals may deny the application for leave to appeal or, if it grants the same, may affirm, reverse, or modify the judgment of the lower court granting or denying the relief sought by the writ. In the event the Court of Special Appeals determines that the lower Court's judgment was wrong in refusing to admit to bail, or in setting the amount of the bail, it may, in acting upon the application for leave to appeal, determine the amount of bail which would be proper and its determination in this regard shall be binding on the lower court, until and unless a change of circumstances warrants a different decision. There shall be no right to apply for certiorari to the Court of Appeals from the action taken by the Court of Special Appeals on the application for leave to appeal." [2a]

---

[2a] It is readily apparent that the word "not," inserted by us in brackets above, was inadvertently omitted by the Legislature.

Immediately prior to the enactment of this provision, no right of appeal existed from a denial of a habeas corpus petition claiming a constitutional right to bail, or asserting that an amount of bail was constitutionally excessive. *Hudson v. Superintendent,* 11 Md. App. 253, 273 A. 2d 470 (1971).

· The record submitted to this Court manifests that subsequent to the initial arrest of the applicants on October 8, 1971, on the charges of which they were convicted on May 16, 1972, Fleming was indicted on February 28, 1972 on the additional charge of conspiracy to violate the "controlled dangerous substance laws" allegedly committed prior to October 8, 1971. That indictment has not been tried. Both applicants, presumably while on bail, were arrested on March 3, 1972. As a result of that arrest both were indicted on July 3, 1972 for maintaining a common nuisance in violation of Md. Ann. Code art. 27, § 286, and for conspiring to violate Md. Ann. Code art. 27, §§ 276 to 302.

Applicants urge us to adopt the rationale of *Harris v. United States,* 92 S. Ct. 10 (Douglas, Circuit Justice, 1971). We decline to do so. There, Mr. Justice Douglas considered an application for bail pending appeal. Both the District Court and the Ninth Circuit Court of Appeals had denied the application. Harris, a self-employed auto mechanic, earning $150.00 per week, was convicted of violation of narcotic laws. He had lived in Los Angeles for eight years and had relatives, including his mother and sister, living there. He had never failed to make court appearances as required while on bail, including appearances after conviction and sentencing. Justice Douglas said in granting the application:

> "While there is no automatic right to bail after convictions, Bowman v. United States, 85 S. Ct. 232, 13 L.Ed.2d 171 (1964), 'The command of the Eighth Amendment that "Excessive bail shall not be required * * *" *at the very least* obligates judges passing on the right to

bail to deny such relief only for the strongest reasons.' *Sellers,* [*v. United States*] 89 S. Ct. [36] at 38 [21 L.Ed.2d 64 (1968)]."

* * *

"Where an appeal is not frivolous or taken for delay, bail 'is to be denied only in cases in which, from substantial evidence, it seems clear that the right to bail may be abused or the community may be threatened by the applicant's release.' Leigh v. United States, 82 S. Ct. 994, 996, 8 L.Ed.2d 269 (1962)."

Aside from our belief that *Harris* is factually inapposite to the instant case, we observe that *Harris* is not the opinion of the Supreme Court, but rather that of an individual member of that Court. Although Mr. Justice Douglas's individual opinion is entitled to respect, it is not binding upon us. Here, there is a showing of some "roots" attaching applicants to the community. Both applicants were living and employed in the area and "their closest living relatives" are in Baltimore. Overriding the averred community attachments, in this case, however, is the alleged involvement of the applicants with the illegal drug racket. The probation report, relied upon by Judge Proctor, contains the "substantial evidence" necessary to justify the denial of bail. We note also that the Maryland State Police regard both applicants "to be major narcotics distributors in and about the Baltimore area and that they are known to associate with other major Baltimore drug distributors." [3]

It has been held that a judge in imposing sentence "* * * may, within his broad discretion, consider information concerning a defendant's reputation, prior record, general health, morals, mentality and social background in determining the type of sentence which should be imposed * * *." *Mahoney v. State,* 13 Md. App. 105, 281 A. 2d 421 (1971). The Supreme Court in *United States*

---

3. From the probation report as summarized by Judge Proctor in an oral opinion, June 1, 1972.

*v. Tucker,* 404 U. S. 443, 92 S. Ct. 589, 30 L.Ed.2d 592 (1972) said:

> "* * * [A] judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come. * * *"

We hold, without limiting the trial court, that those things that a trial judge may contemplate in imposing sentence may also be viewed in the making of a determination, following conviction, whether, *vel non,* admission to bail is to be allowed. The same process is applicable in setting the amount of the bail.

Maryland Rule 777 concerns itself with "Bail." The rule provides in pertinent part:

> "a. *Prior to Conviction.*
>
> Prior to conviction an accused who is charged with an offense the maximum punishment for which is other than capital shall be entitled to be admitted to bail. In a capital case the accused may be admitted to bail in the discretion of the court.
>
> b. *After Conviction—Pending Sentence or Appeal.*
>
> After conviction, pending sentence or appeal, an accused may be admitted to bail in the discretion of the trial court. Trial court shall be defined to mean the judge who presided at the trial subject to Rule 749 (Disability of Judge).
>
> c. *Amount of Bail After Conviction.*
>
> The court may require greater bail after conviction pending sentence or appeal than the accused had given before conviction.
>
> d. *Refusal or Failure of Bail Pending Appeal—Effect.*
>
> Pending appeal, if the court in its discretion refuses to admit the accused to bail or the ac-

cused does not furnish bail, the accused shall commence service of his sentence."

The rule divides bail into two categories: (1) an absolute right to bail prior to conviction in all cases except capital offenses, and (2) discretionary admissions to bail, which include capital offenses, appeals and situations where persons have been convicted but not sentenced. We are here primarily concerned with the latter classification, not the former.

The Eighth Amendment to the Constitution of the United States provides:

"Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

This constitutional amendment has been held to be applicable to the several States via the Fourteenth Amendment. *Turco v. State of Maryland*, 324 F. Supp. 61 (D. Md. 1971) ; *Pilkinton v. Circuit Court of Howell County, Missouri*, 324 F. 2d 45 (8th Cir. 1963) ; *Mastrian v. Hedman*, 326 F. 2d 708 (8th Cir. 1964), *cert. denied*, 376 U. S. 965 (1964).[4] Maryland has, in Art. 25, Declaration of Rights, substantially adopted the language of the Eighth Amendment.

In *Turco v. State of Maryland, supra,* quoting from *Mastrian v. Hedman, supra,* it was held:

"Neither the Eighth Amendment nor the Fourteenth Amendment requires that everyone charged with a state offense must be given his liberty on bail pending trial. While it is inherent in our American concept of liberty that right to bail shall generally exist, this has never been held to mean that a state must make every criminal offense subject to such a right or that the

---

4. The Supreme Court, however, has apparently never held the bail clause of the Eighth Amendment to be applicable to the several States. *Hignutt v. Kunkel*, Civil No. 72-382-B (D. Md., decided June 13, 1972).

right provided as to offenses made subject to bail must be so administered that every accused will always be able to secure his liberty pending trial."

The Supreme Court, in *Carlson v. Landon,* 342 U. S. 524, 72 S. Ct. 525, 96 L. Ed. 547 (1952), upheld the constitutionality of a federal statute that conferred upon the Attorney General the discretionary power to detain alien communists under deportation charges, without bail.

Speaking through Mr. Justice Reed, the Court said of the Eighth Amendment:

"The bail clause was lifted with slight changes from the English Bill of Rights Act. In England that clause has never been thought to accord a right to bail in all cases, but merely to provide that bail shall not be excessive in those cases where it is proper to grant bail. When this clause was carried over into our Bill of Rights, nothing was said that indicated any different concept. The Eighth Amendment has not prevented Congress from defining the classes of cases in which bail shall be allowed in this country. Thus in criminal cases bail is not compulsory where the punishment may be death. Indeed, the very language of the Amendment fails to say all arrests must be bailable. * * *"

*Jones v. United States,* 12 F. 2d 708 (4th Cir. 1926), relied upon by applicants, holds:

"Generally speaking, it may be said that, in an ordinary criminal case, other than for a capital offense, an accused, after as well as before conviction, and pending the consideration of the final hearing of his case in the appellate courts, is entitled to bail. There may be unusual cases, arising either from the nature of the offense, or the character of the defendant, that

would warrant the court to hesitate in granting bail; but these are exceptional cases, and presumptively the right to bail exists, and ought to be granted an accused. * * *"

*Jones,* however, was limited in its application to an interpretation of a federal statute. It is not apposite to the instant case, but even if it did apply, we would have no hesitancy in holding that applicants' cause falls within the exception sculptured by *Jones.*

In 4 Wharton's *Criminal Law and Procedure* (Anderson, 12th Ed. 1957), § 1824, pp. 667-668, it is stated:

"Some courts take the view that constitutional guaranties of the right to bail refer only to cases in which the accused has not yet had a trial, and do not confer a right to bail after conviction and pending an appeal therefrom. The importance attached to conviction is due to the underlying principle that bail should be granted only when it is uncertain whether the accused is guilty or innocent of the crime charged, and that such uncertainty is removed by conviction, the presumption of innocence existing upon application before conviction being rebutted. Another reason for denying bail after conviction is that the probability of ultimate punishment is so enhanced that the accused is much more likely to attempt to escape if liberated on bail than before conviction.

"On the other hand, constitutional provisions relative to bail are not regarded as prohibiting an allowance of bail after conviction and pending appeal, the matter generally being left to the sound discretion of the court in the absence of a statutory provision to the contrary. * * * In the exercise of such discretion, the burden is placed upon the accused to show error in the conviction. * * *" (footnotes omitted).

The same authority in § 1826, p. 669, says:

> "The discretion of the court to grant or deny bail after conviction and pending appeal is exercised according to the circumstances of each particular case. In determining whether or not to grant bail pending appeal, the court should also consider whether or not, under all the circumstances, the accused will be present to abide his punishment if his conviction is affirmed, as well as any other pertinent matters beyond the record of the particular cause wherein the application is made, such as the record, character, and reputation of the applicant. * * *" (footnotes omitted).

8 Am.Jur.2d, *Bail and Recognizance,* § 44, pp. 809-811, states:

> "The grant or denial of bail pending appeal will turn on the circumstances of each particular case where the matter is one of discretion of the court. The court must not act in an arbitrary, capricious, or unreasonable manner, and where bail is denied, the reasons for so doing should be sound and they should be clearly stated. However, since the probability of ultimate punishment is so enhanced after conviction that the accused is much more likely to attempt to escape if liberated on bail than he was before conviction, and since a defendant who has been adjudged guilty no longer has the benefit of the presumption of innocence, the courts should proceed with caution and grant bail pending appeal only where the peculiar circumstances of the case render it proper.
>
> "The enormity of the charge, the danger that if freed the accused will commit a crime of like character, the probability of a forfeiture of the bail and escape, the character and reputation of

the accused and his surrounding circumstances,
such as recent convictions of other similar of-
fenses, as well as his personal attitude toward
society and government, should be considered.
* * *."

From a reading of Judge Proctor's opinions quoted
herein, it is patent that he was concerned about the pos-
sibility of flight by the applicants if they were released
on bail. He was also obviously fearful that they would
return to their alleged illicit dope trafficking and there-
by cause, in the words of *Harris v. United States, supra,*
"the community to be threatened." The probation re-
port, based on information obtained from the Federal
Bureau of Investigation and the Maryland State Po-
lice, in our opinion, would even constitute the "substan-
tial evidence" suggested by *Harris,* upon which the trial
judge could predicate his denial of bail to the applicants.
We think that the judge could properly consider the in-
dictments pending against the applicants because those
indictments, coupled with the instant conviction, cumu-
latively enhanced the possibility of punishment and pro-
portionately increased the potentiality of flight.

Of course, in fixing bail in respect to a particular of-
fense *before* trial,[5] the court may not consider other
charges pending against an accused, except as lawfully
provided in Article 27, Section 616½. See footnote 1.
It must confine the fixing of bail to the particular of-
fense for which bail is sought. The court may, however,
consider whether or not an accused has previously given
bail for other offenses and whether or not he has for-
feited the same. Wharton's, *Criminal Law and Proce-
dure, supra,* § 1821, pp. 663-664. *After* conviction the
court may, in determining whether or not to allow bail,
and, if allowed, the amount thereof, examine, *inter alia,*
the applicant's character and general reputation, the

---

5. For a lucubration by The American Bar Association Project
on Minimum Standards for Criminal Justice on suggested factors
to be weighed in fixing the amount of bail, see Appendix A.

likelihood of forfeiture because of pending indictments, family, social, and fiscal ties to the community, and the health of the applicant. There is no mathematically precise formula or equation to determine the allowance *vel non* of bail after conviction.[6] Each case must be decided on its own particular circumstances. Wharton's, *Criminal Law and Procedure, supra,* § 1826, p. 669, 8 C.J.S., *Bail,* § 36 (10), "Pending Review of Conviction," p. 89, et seq.

Applicants contend that *Whiteley v. Warden,* 258 Md. 634, 267 A. 2d 150 (1970), is not applicable. We disagree. There, Whiteley was convicted of conspiring to sell marijuana and was sentenced to a term of five years. He appealed to this Court and also filed a petition for a writ of habeas corpus for the purpose of obtaining release on bail pending disposition of his appeal. The trial court declined to admit Whiteley to bail because of the court's belief that there was a strong possibility of flight to avoid imprisonment, because of Whiteley's background, and because of the trial judge's lack of "confidence in the fact that he won't repeat his criminal conduct." The Court of Appeals affirmed the denial of the writ of habeas corpus, saying:

"We cannot say under these circumstances

---

6. Some additional factors to be weighed in the exercise of judicial discretion fixing or denying bail after conviction are:

(a) The purpose of appeal *i.e.,* that it is not frivolous or taken solely for the purpose of delay.

(b) The accused's past history and conduct, or, in the alternative, lack of information relative to the same.

(c) Behavior after conviction.

(d) Prior offenses and their relationship, if any, to the present offense.

(e) Personal attitude of the applicant towards society, government, and law, as manifested by prior conduct.

(f) The likelihood of the accused repeating the crime while on bail.

(g) The danger of the accused to the community.

(h) The duration of the sentence in order that the expiration of the sentence will not precede in point of time the determination of the appeal, thus effectually denying redress to an aggrieved party.

See 8 C.J.S., *Bail,* § 36 (10) "Pending Review of Conviction," pp. 89-98.

that it was an abuse of discretion to deny bail after a conviction."

Rule 777 provides that after conviction an accused may be released on bail "in the discretion of the trial court." In *Saltzgaver v. Saltzgaver*, 182 Md. 624, 635, 35 A. 2d 810 (1944), quoting from *Bowers' Judicial Discretion of Trial Courts,* par. 10 et seq., judicial discretion is said to mean:

"* * * that power of decision exercised to the necessary end of awarding justice and based upon reason and law, but for which decision there is no special governing statute or rule. It is obvious that if a special statute prescribed a decision, there is, in all instances coming within its purview, a restraint upon the judge which precludes the exercise of discretion by him; for the very word 'discretion' implies the absence of restraint. This statement is only apparently at variance with the oft-quoted statement of Lord Mansfield that: 'Discretion, when applied by a court of justice, means sound discretion guided by law.' "

We have carefully reviewed the record in the instant case and find no indication that Judge Proctor exercised his discretion in an arbitrary, capricious, fanciful or cavalier manner. On the contrary, the record disclosed ample reasons for denial of bail to the applicants.

*Application for leave to appeal denied with costs.*

## APPENDIX A

American Bar Association Project on Minimum Standards for Criminal Justice, *Tentative Drafts of Standards,* "Standards Relating to Pretrial Release," Tentative Draft No. 9, March, 1968:

"5.3 Release on money bail.

\* \* \*

" (d) Money bail should be set no higher than that amount reasonably required to assure the defendant's appearance in court. In setting the amount of bail the judicial officer should take into account all facts relevant to the risk of willful nonappearance, including:

(i) the length and character of the defendant's residence in the community;

(ii) his employment status and history and his financial condition;

(iii) his family ties and relationships;

(iv) his reputation, character and mental condition;

(v) his past history of response to legal process;

(vi) his prior criminal record;

(vii) the identity of responsible members of the community who would vouch for the defendant's reliability;

(viii) the nature of the current charge, the apparent probability of conviction and the likely sentence, insofar as these factors are relevant to the risk of nonappearance; and

(ix) any other factors indicating the defendant's roots in the community.

(e) Money bail should never be set by reference to a predetermined schedule of amounts fixed according to the nature of the charge but should be the result of an individualized decision, taking into account the special circumstances of each defendant.

(f) Money bail should be distinguished from the practice of allowing a defendant charged with a traffic or other minor offense to post a sum of money to be forfeited in lieu of any court

appearance. This is in the nature of a stipulated fine and, where permitted, may be employed according to a predetermined schedule."