IN RE APPEAL MISC. NO. 32
FROM THE CIRCUIT COURT FOR
MONTGOMERY COUNTY

[Misc. No. 32, September Term, 1975.]

*Decided January 27, 1976.*

Before ORTH, C. J., and POWERS and GILBERT, JJ.

No appearance or argument by counsel for applicant.

No appearance or argument by counsel for respondent.

GILBERT, J., delivered the opinion of the Court.

A juvenile [1] was found by Judge Douglas H. Moore, Jr., District Court of Maryland for Montgomery County, sitting as a Juvenile Court, to be a delinquent child within the meaning of Courts and Judicial Proceedings Art. § 3-801 (j). The juvenile was ordered to be sent to the Thomas J. S. Waxter Children's Center pending assignment to a forestry camp. An appeal was noted to this Court where the matter is now pending. Counsel for the juvenile, in addition to the appeal, filed simultaneously in this Court a motion to stay the juvenile court's order of commitment and this application for leave to appeal from the refusal by the Circuit Court for Montgomery County in a *habeas corpus* proceeding to set bail for the juvenile pending the appellate disposition of his case on the merits. *See* Courts Art. § 3-707.

---

1. Md. Rule 1097 proscribes the use of the juvenile's name in appellate opinions.

*See also Long v. State,* 16 Md. App. 371, 297 A. 2d 299 (1972); *Bigley v. Warden,* 16 Md. App. 1, 294 A. 2d 141 (1972).

Pursuant to Courts Art. § 12-701 (b), we, on January 7, 1976, conducted a hearing on the juvenile's application for a stay of the commitment order. The same date, not having found that other " . . . suitable provision . . . [had been] made for the care and custody of the child," we denied the "stay".[2]

We now consider the application for leave to appeal from the denial of bail during the pendency of the juvenile's appeal on the merits before this Court.

Counsel for the juvenile argued in the circuit court to Judge Joseph M. Mathias and here that the enactment of Courts Art. § 3-832,[3] when read together with Md. Rule 777 b, leads to the conclusion that juveniles are entitled to be admitted to bail while appellate review is awaited, and that the guidelines articulated in *Bigley v. Warden, supra,* are applicable thereto.[4] We do not share that view.

A hearing before the juvenile court, be it conducted by a division of a circuit court or by the District Court of Maryland for Montgomery County, sitting as a juvenile court, is civil in nature, not criminal. *Ex Parte Cromwell,* 232 Md. 305, 192 A. 2d 775 (1963). The Legislature has made it vividly clear that one of the principal purposes of the Juvenile Causes Act was to remove the juvenile offender from the stigma and " . . . taint of criminality and the consequences of criminal behavior." Courts Art. § 3-802

---

2. We were informed on oral argument of the application for a stay of the order of commitment that subsequent to the adjudicatory hearing, but apparently before disposition, the juvenile was charged with "storehouse breaking."

3. This section was enacted as Laws 1975 ch. 554, §§ 1, 3, apparently, as a direct result of the Court of Appeals' In re Trader, 272 Md. 364, 325 A. 2d 398 (1974) opinion.

4. We observe that Md. Rule 904 e provides:

> "The court *may* require that security for the appearance of any person within the court's jurisdiction and subject to the authority of the court be deposited with the clerk, in the form and amount as the court may determine to be necessary." (Emphasis supplied).

The rule is couched in permissive, not mandatory, language. Moreover, we think Rule 904 e to be directed to pre-adjudicatory and pre-disposition hearings only.

(a) (2). Juvenile proceedings are of a special species that has been designed by the General Assembly in response to a particular need and to meet a peculiar problem. The dispositions of the juvenile court are not to be considered as punishment for a crime nor are adjudications of delinquency "convictions", as that word is generally applied with respect to criminal proceedings. *In re Arnold,* 12 Md. App. 384, 278 A. 2d 658 (1971); *In re Hamill,* 10 Md. App. 586, 271 A. 2d 762 (1970). Judges in juvenile cases do not think in terms of guilt, but rather in terms of the need of the child for protection, guidance, or rehabilitation. *In re Davis,* 17 Md. App. 98, 299 A. 2d 856 (1973).

We said in *Davis*:

" . . . The *raison d'etre* of the Juvenile Causes Act is that a child does not commit a crime when he commits a delinquent act and therefore is not a criminal. He is not to be punished but afforded supervision and treatment to be made aware of what is right and what is wrong so as to be amenable to the criminal laws." 17 Md. App. at 104.

Md. Rule 777 b on the other hand is directed solely toward admission to bail *after conviction* pending the imposition of sentence or appeal.

Inasmuch as there can be no *conviction* in a juvenile cause, patently there can be no admission to bail *after conviction.* Md. Rule 777 b is simply not applicable to juvenile causes, and " . . . there is no provision for bail in the statute." *Ex Parte Cromwell,* 232 Md. at 310.

The Legislature, however, did not leave the juvenile without a remedy. When, as here, the juvenile is adjudged to be a delinquent and ordered to be committed, the juvenile may seek, in this Court, a stay of the effect of the commitment order pending the decision of the appellate court [5] on the merits of the case. The question of whether a stay will be ordered is addressed to our sound discretion, if

---

5. We are not to be understood as holding that a juvenile court judge may not grant a stay of his own order pending appellate disposition.

we are satisfied " . . . that suitable provision is made for the care and custody of the child." Courts Art. § 12-701 (b).

*Application for leave to appeal denied.*
*Costs to be paid by applicant.*