IN RE: NO. 1140, S.T. 1977 FROM THE CIRCUIT COURT FOR CECIL COUNTY, SITTING AS A JUVENILE COURT

[No. 1140, September Term, 1977.]

*Decided June 13, 1978.*

The cause was argued before GILBERT, C. J., and MOORE and COUCH, JJ.

*John W. Sause, Jr., District Public Defender,* for appellant.

*Gilbert H. Robinette, Assistant Attorney General,* with whom were *Francis Bill Burch, Attorney General, Donaldson C. Cole, Jr., State's Attorney for Cecil County,* and *Joseph J. Mahoney, Assistant State's Attorney for Cecil County,* on the brief, for appellee.

COUCH, J., delivered the opinion of the Court.

Appellant has taken this appeal from an order of the Circuit Court for Cecil County, sitting as a Juvenile Court, adjudicating appellant to be delinquent and committing him to the Maryland Training School for Boys for an indefinite period, subject to a minimum committal to that institution of one year. The order also provided that, upon release, appellant would be placed on probation for an indefinite period.

One issue is raised in this appeal:

"Did the Court have the authority to prescribe a minimum period of confinement?"

Several statutory provisions govern the disposition of the juvenile after he has been adjudicated delinquent. *See especially Md. Code* (1974), Courts and Judicial Proceedings Article, § 3-820. The statutory provision pertinent to the question presented in this case is Md. Code (1974), Courts and Judicial Proceedings Article, § 3-825, which deals with the period of time a disposition order may remain effective. Section 3-825 provides:.

"(a) Except as provided in subsections (b) and (c), an order vesting legal custody in an individual, agency, or institution is effective for an indeterminate period of time.

(b) An order providing for custody of a child adjudicated delinquent or in need of supervision may not exceed three years from the date entered. However, the court may renew the order upon its own motion, or pursuant to a petition filed by the individual, institution, or agency having legal custody after notice and hearing as prescribed by the Maryland Rules.

(c) An order under this section is not effective after the child becomes 21 years old."

The precise question presented in this case, whether the Juvenile Court may impose a minimum period of confinement under § 3-825, has never been addressed by this Court or the

Court of Appeals. We are not compelled, however, to consider the question in a vacuum. The express purposes of the juvenile justice process in Maryland, as envisioned and enacted by the General Assembly, provide a guide for the construction of § 3-825.

Section 3-802 of the Courts Article provides:

"(a) The purposes of this subtitle are:

(1) To provide for the care, protection, and wholesome mental and physical development of children coming within the provisions of this subtitle; and to provide for a program of treatment, training, and rehabilitation consistent with the child's best interests and the protection of the public interest;

(2) To remove from children committing delinquent acts the taint of criminality and the consequences of criminal behavior;

(3) To conserve and strengthen the child's family ties and to separate a child from his parents only when necessary for his welfare or in the interest of public safety;

(4) If necessary to remove a child from his home, to secure for him custody, care, and discipline as nearly as possible equivalent to that which should have been given by his parents.

(5) To provide judicial procedures for carrying out the provisions of this subtitle.

(b) This subtitle shall be liberally construed to effectuate these purposes."

The courts, in similar terms, have followed § 3-802 in expressing the broad goals of the juvenile court system. *Moquin v. State,* 216 Md. 524, 528, 140 A. 2d 914, 917 (1958). This Court stated in *In re Appeal Misc. No. 32,* 29 Md. App. 701, 351 A. 2d 164 (1976):

"Juvenile proceedings are of a special species that has been designed by the General Assembly in response to a particular need and to meet a peculiar problem. The dispositions of the juvenile court are

not to be considered as punishment for a crime nor are adjudications of delinquency 'convictions', as that word is generally applied with respect to criminal proceedings. . . . Judges in juvenile cases do not think in terms of guilt, but rather in terms of the need of the child for protection, guidance, or rehabilitation."

29 Md. App. at 704, 351 A. 2d at 165.

Of special importance to the question before us are §§ 3-806 and 3-826 of the Courts Article, and Md. Rule 916. Section 3-806 provides for the continuation of jurisdiction over a juvenile by the juvenile court, once obtained. Section 3-826 provides for periodic progress reports to the juvenile court by the juvenile's custodian, including recommendations for further treatment or rehabilitation. Maryland Rule 916 provides that an order of the juvenile court may be modified or vacated if the court finds that action to be in the best interest of the child or the public. The operation of Rule 916 is unlimited with respect to the time running from the original order.

These provisions indicate that the dispositional process is directed toward the termination of a committal or other disposition when the juvenile court finds the child to be rehabilitated, and directed away from setting mandatory periods of commitment, which would be more in the nature of punishment.

Read in light of the expressed purposes of the juvenile justice process, and the procedures created, the intent of § 3-825 is clear. The juvenile court may not impose a minimum period of commitment on a juvenile who has been adjudicated delinquent.

Section 3-825 read as a whole dictates this result.[1] Subsection (a) provides that every period of commitment shall be

---

1. ". . . in ascertaining the intention of the General Assembly all parts of a statute are to be read together to find the intention as to any one part, that all parts are to be reconciled and harmonized if possible, and . . . a statute is to be read so that no word, clause, sentence, or phrase shall be rendered surplusage, superfluous, meaningless, or nugatory."

Gillespie v. R & J Const. Co., 275 Md. 454, 457, 341 A. 2d 417, 418-419 (1975).

indeterminate in length, subject to the maximum limits imposed by subsections (b) and (c). If indeterminate is read to mean, as the State would have it, *only* that no maximum period of commitment may be ordered, the use of "indeterminate" is rendered practically nugatory. Subsections (b) and (c) impose maximum limits, setting them at three years and the age of twenty-one of the juvenile, respectively. Thus on the one hand, given the State's reading, the juvenile judge may not impose a maximum, while on the other, the statute itself imposes a maximum.

If "indeterminate" is read to mean that no minimum period of commitment may be ordered, however, the term is meaningful in the context of § 3-825, read as a whole. Such a reading is also entirely consistent with the purposes expressed by the General Assembly, and the particular provisions set out above, which envision a release from commitment or probation when rehabilitation of the juvenile has been accomplished.

Accordingly, we hold that the juvenile court erred in imposing a minimum period of commitment.

*Order reversed; case remanded for proceedings consistent with this opinion.*
*Costs to be paid by Cecil County.*