IN RE: PHILLIP P., MICHAEL P., BRIAN S., ANDREW D., LARRY S. and PAUL N.

[Nos. 327 through 332, September Term, 1981.]

*Decided December 3, 1981.*

The cause was submitted to GILBERT, C. J., and COUCH and BISHOP, JJ.

No appearance by appellant's counsel. *Stephen H. Sachs, Attorney General, Maureen O'Ferrall Gardner, Assistant*

*Attorney General, Warren B. Duckett, Jr., State's Attorney for Anne Arundel County,* and *William D. Roessler, Assistant State's Attorney for Anne Arundel County,* on the brief for appellant.

No appearance or briefs by appellees' counsel.

GILBERT, C. J., delivered the opinion of the Court.

The Circuit Court for Anne Arundel County dismissed a series of juvenile petitions because the disposition hearing was not concluded within thirty (30) days following the adjudicatory hearing that had been held in those cases. The State, as it is permitted to do by Md. Cts. & Jud. Proc. Code Ann. § 12-301,[1] has appealed to this Court requesting that we reverse the orders of dismissal and remand the matter to the circuit court for further proceedings, namely, the completion of the disposition hearing.

The record discloses that Phillip P., Michael P., Brian S., Andrew D., Larry S., and Paul N., juveniles, all appeared in the juvenile court on charges that they had committed delinquent acts. The acts included breaking and entering and malicious destruction of property. The destruction took the form of senseless and wanton spraying or throwing of paint around the interior of the complainant's building, intensive damage to two generators, the pouring of tar over a radial saw, and damage to the chimney stack. Entrance to the building appears to have been gained by forcing or "popping" rivets or bolts from metal siding panels, then bending the metal in such a way as to allow the juveniles to enter the premises. While the petitions alleged that there was theft involved, the record before us is devoid of the events occurring at the adjudicatory hearing. We have inferred the facts from an examination of the photographs that were received into evidence.

Prior to the adjudicatory hearing or immediately after

---

1. Md. Cts. & Jud. Proc. Code Ann. § 12-301 confers the right to appeal upon a party to a final judgment. Inasmuch as juvenile proceedings are civil in nature, 12-301 is applicable.

that hearing, each of the juveniles and the parents of the juveniles, signed a "waiver of separate disposition hearing." The waiver provided:

"Pursuant to Section 3-820 (A) [*sic*] [2] of the Courts and Judicial Article,[3] we, the undersigned, understanding that we have a definite right to have a separate hearing for disposition in this matter, freely, knowingly, and voluntarily waive that right and request disposition be made at the conclusion of the Adjudicatory hearing."

During the course of the disposition hearing, it developed that the dollar amount of the damages had not been determined. The court then continued the hearing from that date, November 12, 1980, until the "figures" on "restitution" could be ascertained, at which time the cases were to be "reset."

When the matter was scheduled for disposition on February 11, 1981, the juveniles-appellees moved to dismiss the cases on the ground that the court was required to complete the disposition hearing within thirty days of the adjudicatory hearing. Patently, that had not been done, and, therefore, the juvenile court no longer had jurisdiction over the matter. The judge reasoned that the State should have rescheduled the cases within the prescribed time limits, and that their failure to so do meant that he had "no alternative ... contrary to ... [his] feelings, desires and wants, ... [but to] dismiss these ... Petitions." These appeals followed.

We think the judge was not in the predicament in which he seems to have viewed himself. As we see it, the motions should have been denied and the disposition completed. We

---

**2.** That section of the code is non-existent. Apparently what is meant is § 3-820 (a), which provides:

"After an adjudicatory hearing the court shall hold a separate disposition hearing, unless the petition is dismissed or unless such hearing is waived in writing by all of the parties. The disposition hearing may be held on the same day as the adjudicatory hearing, if notice of the disposition hearing, as prescribed by the Maryland Rules, is waived in the record by all of the parties."

**3.** Obviously a reference to the Courts and Judicial Proceedings Article of the Code.

shall, therefore, reverse the judgments of the circuit court and remand to the same for further proceedings. We shall now explain why we take that action.

Md. Rule 915 a provides that:

> "If after an adjudicatory hearing the court determines that the allegations of the petition at issue in the adjudicatory hearing have been sustained, it shall promptly schedule a separate disposition hearing. The disposition hearing shall be held no later than thirty days after the conclusion of the adjudicatory hearing."

To reach the same result as the juvenile court judge we would be compelled to read Rule 915 a as meaning that the disposition hearing must be commenced and completed within thirty days of the adjudicatory hearing. Obviously, events could and do occur that preclude a disposition's being completed within thirty days, as for example, if the juvenile became seriously ill and required extensive hospitalization, or the juvenile fled the State and was not apprehended within the thirty day time frame, or the juvenile court judge was incapacitated in some manner. There are, to be sure, other reasons why a disposition hearing may not be completed within thirty days of adjudication, but the examples provided herein serve to demonstrate that it is possible that a disposition hearing may not always be completed within the thirty day period provided in the rule.[4]

The purpose behind the Juvenile Causes Act is "to provide for a program of treatment, training, and rehabilitation consistent with the child's best interest and the protection of the public interest." Neither of those two lofty objectives is accomplished when hypertechnical construction of rules of court is employed in a manner that defeats the juvenile court's jurisdiction over the children. Instead, the juveniles are taught that form prevails over substance to the extent

---

4. *Compare,* however, Johnson v. State, 282 Md. 314, 384 A.2d 709 (1978), wherein the Court of Appeals held that a time prescribed in the rules was applicable "irrespective of the reason" for non-compliance.

that the laws may be violated, and the violator, even though adjudged delinquent, may avoid punishment if a once-begun disposition hearing is not completed within thirty days of the adjudicatory hearing.

Sometimes courts lose sight of the fact that the Juvenile Causes Act is not a criminal statute, nor is the juvenile charged and tried as a criminal. "Judges in juvenile cases do not think in terms of guilt, but rather in terms of the need of the child for protection, guidance, or rehabilitation." *In re Appeal Misc. No. 32, Term 1975,* 29 Md. App. 701, 704, 351 A.2d 164, 165 (1976).

No useful purpose is served by interpreting Rule 915 a to require that the disposition hearing must be completed within thirty days of the adjudicatory hearing. We find this analogous to the constitutional speedy trial mandate. Certainly, it is the speedy commencement of a trial, not its conclusion, to which a defendant in a criminal proceeding is entitled. All that Rule 915 a necessitates is that the disposition hearing be commenced within that time frame, provided exigent circumstances do not foreclose that possibility.

Recently, the Court of Appeals, in *In re Dewayne H.,* 290 Md. 401, 430 A.2d 76 (1981), speaking through Judge Smith, said that the failure to schedule a disposition hearing within thirty days of the adjudicatory hearing did not warrant dismissal of the charges. If the failure to schedule the hearing within that time period does not command dismissal, it would be nonsensical to compel dismissal when the hearing is commenced, albeit not completed, within the thirty day period.

We think the purpose of the Juvenile Causes Act is best served by reversing the judgments of the circuit court and remanding the cases for a disposition hearing.

> *Judgments reversed.*
> *Cases remanded for further proceedings.*
> *Costs to be paid by appellees.*